MOSHOLDER, Appellant,

v.

OHIO REHABILITATION SERVICES COMMISSION, Appellee.

[Cite as *Mosholder v. Ohio Rehab. Serv. Comm.* (1991), 75 Ohio App.3d 134.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–892.

Decided July 11, 1991.

*David Zwyer*, for appellant.

*Lee Fisher*, Attorney General, and *Rachel L. Belenker*, for appellee.

BOWMAN, Presiding Judge.

This matter is before this court on the appeal of Mary L. Mosholder, appellant, from a judgment of the Franklin County Court of Common Pleas in favor of appellee, Ohio Rehabilitation Services Commission ("RSC"). As an eligible client of the Bureau of Services for the Visually Impaired ("BSVI"), appellant requested tuition support in attending Mount Union College ("Mount Union"), a private school. Appellant specifically requested that BSVI calculate the amount of money it would be willing to contribute to appellant's tuition at a state-supported university, and supply that amount towards her tuition at Mount Union. Appellant is willing to pay all additional costs, since the cost of attending Mount Union exceeds that of any state-supported university.

BSVI denied appellant's request for tuition assistance to attend Mount Union. After all administrative reviews were exhausted, appellant filed a timely appeal with the Franklin County Court of Common Pleas. The trial court upheld the decision of RSC in denying appellant's request for tuition assistance. Thereafter, appellant filed this appeal and now asserts the following sole assignment of error:

"The court of common pleas erred by affirming an order of the Rehabilitation Services Commission that was not made in accordance with law."

Appellant asserts that it was unlawful for RSC to consider the amount that she and her parents plan to contribute for her to attend Mount Union when it did its calculations to determine the least cost of her education. Appellant's request for tuition assistance to attend Mount Union included a

$5,050 scholarship and work study program offered by Mount Union, a $2,000 parental contribution, and a $2,625 loan.

Appellant's BSVI counselor prepared a cost analysis comparing Mount Union with the nearest state-supported university, Kent State University. The projected annual education expenses for Mount Union came to $12,580, compared to Kent State's tuition, room and board in the amount of $5,868. It was in part based on these figures that RSC denied appellant tuition assistance to attend Mount Union since appellant could obtain the training needed, at a lesser cost, by attending another school, Kent State, which offered more support services to disabled students. RSC's adjudication order states that the only assistance Mount Union offered to help appellant with her disability was a freshman orientation program. Kent State, on the other hand, offered a diversified group of services and aids for students with disabilities for all aspects of their campus experience.

When a court of appeals reviews a decision of the common pleas court concerning the weight of the evidence in an appeal from an administrative agency, the appellate court's role is limited to determining whether the common pleas court abused its discretion. An abuse of discretion connotes more than an error of judgment, it implies a decision without a reasonable basis and one which is clearly wrong. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280.

Ohio Adm.Code 3304-2-52 provides, in part:

"(B) A client shall be expected to pay for services to the extent possible.

"(C) Services shall be provided at the least cost consistent with the client's disability * * *. RSC shall pay no more than either the maximum amount allowed in the RSC fee schedule or the amount charged (whichever is less), minus the amount paid by similar benefits and the client. * * *

"(D) This rule is designed to implement federal regulations, 34 CFR, Parts 361.42(a)(4), 361.46, and 361.47(b)(1) to (4)."

Pursuant to Section 361.47(a)(1), Title 34, C.F.R., the financial need of an individual with a handicap need not be considered in the provision of any vocational rehabilitation services. Pursuant to Section 361.47(a)(2), Title 34, C.F.R., if the state chooses to consider the financial need of individuals with handicaps in determining the extent of their participation in the cost of vocational rehabilitation services, the state *must* maintain written policies covering the determination of financial need. The state plan must also specify the types of vocational rehabilitation services for which the unit has established a financial needs test.

Ohio does not maintain any written policies covering the determination of financial need, nor does Ohio specify the type of vocational rehabilitation services for which a financial needs test is necessary. Therefore, although appellant and her family are willing to take out a loan to enable her to attend Mount Union, the state cannot require them to make an equal financial contribution towards the cost of appellant's tuition at Kent State.

RSC is required to provide services at the least cost consistent with an individual's disability. Ohio Adm.Code 3304-2-52(C). However, this does not mean that RSC can totally deny appellant tuition assistance simply because she can attend one school at less expense to *her*, not the state, than she can attend another school.

Appellant had only requested that BSVI calculate the amount of money it would be willing to contribute to her tuition at a state-supported university, such as Kent State, and give her that same amount to apply to the tuition at the school which she chose to attend, Mount Union. It is appellant that will incur the greater expense by attending Mount Union; the cost to RSC would be the same regardless of which school she attends.

There is no authority which would permit RSC to deny appellant the tuition assistance she would receive if she attended Kent State so that she can utilize it to pay her tuition to attend Mount Union. RSC cannot dictate whether or not an individual is entitled to tuition assistance solely on the basis of the school an individual attends. An individual is entitled to the least cost tuition assistance based on her handicap. See Ohio Adm.Code 3304-3-54(A). As such, if an individual is found to be eligible for tuition assistance, that assistance should be provided to her, at the least cost.

There is no rule or code section which mandates the method of calculation for determining services at the least cost. Likewise, there is no rule or policy which permits RSC to deny appellant the tuition assistance to which she is entitled. Consequently, this court finds that the trial court abused its discretion in affirming RSC's order since RSC's decision to deny appellant tuition assistance was not supported by reliable, probative and substantial evidence, and was not in accordance with law. See *Hartzog v. Ohio State Univ.* (1985), 27 Ohio App.3d 214, 27 OBR 254, 500 N.E.2d 362. Accordingly, appellant's assignment of error is sustained. The judgment of the trial court is reversed and this cause of action is remanded with instructions that RSC supply appellant with the amount of tuition assistance she would have received had she attended Kent State.

*Judgment reversed*
*and cause remanded*
*with instructions.*

MOORE, J., concurs.

YOUNG, J., dissents.

ROBERT J. MOORE, J., retired, of the Licking County Court of Common Pleas, sitting and hearing the appeal pursuant to active duty prior to his retirement, and assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution, subsequent to his retirement.

JOHN C. YOUNG, J., dissenting.

I must respectfully dissent from the majority opinion.

The RSC is under an obligation to provide services at the least cost and to first explore all other available sources for funding.

Ohio Adm.Code 3304-2-52, provides, in part:

"(B) A client shall be expected to pay for services to the extent possible.

"(C) Services shall be provided at the least cost consistent with the client's disability; and for training, services shall also be provided at the least cost consistent with training needed to reach the vocational goal. * * * "

Section 361.42(a)(4), Title 34, C.F.R., provides:

"Vocational and other training services, including personal and vocational adjustment, books, tools, and other training materials except that no training or training services in institutions of higher education (universities, colleges, community/junior colleges, vocational schools, technical institutes, or hospital schools of nursing) may be paid for with funds under this part unless maximum efforts have been made by the State unit to secure grant assistance in whole or in part from other sources[.]"

Section 361.47, Title 34, C.F.R., provides, in part:

"(b) *Availability of comparable services and benefits.* (1) The State plan must assure that before the State unit provides any vocational rehabilitation services, except those services enumerated in paragraph (b)(2) of this section, to an individual with handicaps, or to members of that individual's family, it determines whether comparable services and benefits are available under any other program."

Section 723(a), Title 29, U.S.Code, states, in part:

"(3) [V]ocational and other training services for handicapped individuals, which shall include personal and vocational adjustment, books, and other

training materials, and services to the families of such individuals as are necessary to the adjustment or rehabilitation of such individuals: *Provided,* That no training services in institutions of higher education shall be paid for with funds under this subchapter unless maximum efforts have been made to secure grant assistance, in whole or in part, from other sources to pay for such training[.]"

Appellant argues that pursuant to Section 361.47(a)(1) and (2), Title 34, C.F.R.,[1] it is unlawful for the RSC to consider the amounts she and her parents plan to contribute to her attendance at Mount Union College in its calculations in determining the least cost.

Upon review, the RSC's adjudication order, in the hypothetical, states as follows:

"16. If Appellant and her parents would make the same contribution to a Kent State program that they are willing to make to Mount Union, BSVI cost would be $1,243 per year. At Mount Union, the cost would be $2,905."

Even though it would appear that RSC considered the proposed contributions of appellant and her parents in its calculations, the RSC adjudication order states in its conclusions of law:

"6. The Hearing Officer's Conclusion of Law citing Section 3304–2–21 of the Ohio Administrative Code is not accepted because the Section deals only with 'Third-party payers,' which as defined in the Section would not include the Appellant and/or her parents."

Ohio Adm.Code 3304–2–21 provides, in relevant part:

"Third-party payments

"Notwithstanding any contract provision to the contrary, any commission payments for costs of treatment, supportive services accessories and their upkeep, and costs incurred as part of a rehabilitation plan shall be in excess of

---

1. Section 361.47(a)(1) and (2), Title 34, C.F.R., provides:
    "(a) *Financial need.* (1) There is no Federal requirement that the financial need of an individual with handicaps be considered in the provision of any vocational rehabilitation services.
    "(2) If the State unit chooses to consider the financial need of individuals with handicaps for purposes of determining the extent of their participation in the costs of vocational rehabilitation services, the State unit must maintain written policies covering the determination of financial need, and the State plan must specify the types of vocational rehabilitation services for which the unit has established a financial needs test. These policies must be applied uniformly so that equitable treatment is accorded all individuals with handicaps in similar circumstances."

and secondary to payments of any third-party payor, and therefore any commission payments for costs shall be made after all third-party payment sources are exhausted. As used in this rule, 'third-party payor' means any insurer or other third-party payor licensed by the Ohio superintendent of insurance and any payor under any individual or group contract."

Although the RSC adjudication order mentions, in the hypothetical, the comparison of costs which include contributions from appellant and her parents, it is obvious from the conclusions of law that the RSC found that the hearing officer improperly considered these contributions. Thus, RSC based its decision to deny tuition assistance to appellant for attendance at Mount Union on the reason that appellant could obtain the training needed, at a lesser cost, by attending another school which offered more support services to disabled students.

As set forth in its adjudication order, the RSC did not consider the contributions of appellant or her parents when it made its decision to deny her assistance to attend Mount Union College. It would have been unlawful to consider the contributions of appellant and her parents in determining the cost of services for appellant to attend Mount Union or Kent State even though appellant considers these contributions to be voluntary as applied to the costs of attending Mount Union, and not voluntary when applied to the costs of attending a comparable, state-supported school. Likewise, the RSC did not reject appellant's request on a financial needs analysis.

There is no rule or code section which mandates the method of calculation for determining services at the least cost. Consequently, it is my opinion that appellant has failed to demonstrate legal error, as supported by evidence in the record. Consequently, finding no abuse of discretion, I would affirm the judgment of the Franklin County Court of Common Pleas.