RUSSELL, d.b.a. Little Acorn School, Appellee,

v.

HARRISON TOWNSHIP et al., Appellants.

[Cite as *Russell v. Harrison Twp.* (1991), 75 Ohio App.3d 643.]

Court of Appeals of Ohio,
Montgomery County.

No. 12337.

Decided Aug. 20, 1991.

644

*James E. Fox,* for appellee.

*Lee C. Falke,* Prosecuting Attorney, and *Michael Russell,* Assistant Prosecuting Attorney, for appellants.

GRADY, Judge.

Harrison Township, of Montgomery County, Ohio, appeals from the judgment and decision of the trial court reversing the decision of the Fire Marshal of Harrison Township concerning use of a premises owned by appellee Ann E. Russell for purposes of child care. For reasons more fully stated below, we conclude that the trial court lacked jurisdiction to hear the matter and that the judgment of the trial court must be vacated.

I

Ann E. Russell operates a business providing day-care services for children, and has done so since 1983. The business is known as the Little Acorn School and is located in a two-story building at 2124 Needmore Road, Harrison Township, Montgomery County, Ohio.

R.C. 5104.03 requires that every person operating a child day-care center shall apply for a license to the Director of Public Welfare. Pursuant to that provision, Russell has applied for and received licenses on a regular basis in years past for the operation of her day-care center on both the first and second floors of the premises at 2124 Needmore Road.

Licensure of day care-centers by the Director of Public Welfare is governed by R.C. 5104.05, which provides that the director shall issue or renew a license after investigation and inspection of the center when certain requirements are met. Among those requirements are that the township fire prevention officer has inspected the center and found it to be in compliance with rules for child day-care centers promulgated by the state fire marshal. The director has provided that approval of the inspector "shall be a prerequisite to licensure." Ohio Adm.Code 5101:2–12–22(C).

Apparently, in years past any findings made by the fire inspector did not prevent or preclude issuance of a license allowing use of both the first and second floors of Russell's premises as a day-care center. The effect of that determination is significant to Russell because the number of students she may serve is determined according to the number of square feet available at her premises, and when both the first and second floors are approved for use she may serve up to thirty-five children.

On or about September 22, 1989, and pursuant to R.C. 5104.05(B), Russell's premises were inspected by the fire inspector for the Harrison Township Fire Department, who granted approval for use of the first floor only. Thereafter, the Director of Public Welfare issued a license permitting Russell to operate a child-day care center at the location serving a maximum of nineteen children only, based upon the lesser square footage available for use of the first floor

only. The date upon which that revised license was issued is not apparent from the record, but the period covered by the license began September 1, 1989.

On October 6, 1989, Russell filed her notice of appeal of the findings, orders and grounds of the Harrison Township Fire Department dated September 22, 1989. The notice was filed in the Common Pleas Court of Montgomery County. It alleged that "the Decision is not supported by reliable, probative and substantial evidence, and that the Decision is not a correct interpretation of applicable Codes, requirements, and rules pertaining to said building and Appellant's business."

After hearing, the trial court found that the decision of the fire inspector prohibiting use of the second floor was based on his conclusion that the structure failed to comply with provisions of the Ohio Board of Building Standards concerning fire exits and automatic fire suppression systems. Harrison Township and Montgomery County argued that the court had no jurisdiction over the matter under R.C. 119.12 and that the proper subject of appeal was the licensure decision of the Department of Human Services reducing the number of children Russell might serve. The trial court over-ruled these objections, finding:

"The first three of appellees' arguments can be dismissed summarily. First appellant in her brief expressly appeals the decision of the fire inspector prohibiting use of the second floor of the facility. A copy of that decision is attached. Second, appellees acknowledge that the fire inspector is an agent of the fire marshal. R.C. 119.12 allows for appeals from decisions of the fire marshal directly to the Court of Common Pleas. Third, appellant correctly explains that the Department of Human Services merely acts upon information provided by the local fire marshal. Consequently, appellant cannot challenge the revision of her license capacity until she has successfully challenged the decision of the fire marshal."

The trial court then went on to find:

"The provisions with which appellant does not comply became effective well after appellant's business began operating. O.A.C. 1301:7–1–02(A) states that existing conditions not in strict compliance with the new requirements shall be permitted to continue so long as the exceptions do not constitute a distinct hazard to life or property in the opinion of the fire authority. Further, the fire official must support his opinion by a preponderance of the evidence. Appellees produce no evidence showing that the exceptions constitute a distinct hazard.

"Accordingly, the decision of the fire marshal to deny appellant use of the second floor of her facility is reversed."

The judgment and decision of the trial court was entered June 22, 1990. Harrison Township filed its notice of appeal on July 13, 1990, and now presents four assignments of error.

## II

## JURISDICTION

Appellant states as its first assignment of error:

"The lower court erred in claiming jurisdiction under Section 119.12 of the Ohio Revised Code."

R.C. 119.12 provides, in pertinent part:

"Any party adversely affected by any order of an agency issued pursuant to an *adjudication* denying an applicant admission to an examination, or *denying the issuance or renewal of a license* or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, provided that appeals from decisions of the liquor control commission may be to the court of common pleas of Franklin county and appeals from decisions of the state medical board, chiropractic examining board, and board of nursing shall be to the court of common pleas of Franklin county. If any such party is not a resident of and has no place of business in this state, he may appeal to the court of common pleas of Franklin county.

"*Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal issued under Chapter 3737 of the Revised Code may be to the court of common pleas of the county in which the building of the aggrieved person is located.*" (Emphasis added.)

The decision of the trial court, quoted above, suggests that in finding jurisdiction it relied specifically on those provisions of R.C. 119.12 pertaining to appeals from orders of the fire marshal. However, the decision may also be read to classify the fire marshal's action as a form of "adjudication" from which appeal may also lie. In either case, the procedure for appeal to the court of common pleas is governed by the provisions of R.C. Chapter 2506.

The fire inspector on September 29, 1989, issued a "Fire Inspection Report" concerning appellee's premises, identifying it as a "Day–Care Center, ORC Chapter 5104." In his report the fire inspector certified that he had inspected the premises and determined it to be a frame structure with floors and

stairways of wood, and that his approval for use of the premises as a day care center was granted for the "1st Floor only." The report went on to state that for the purposes of R.C. 5104.06(M) and Ohio Adm.Code 5101:2–12–56, the building was *not* approved for infant or nonambulatory care "other than the first floor."

■ The inspector's report also reviewed the fire safety measures in force at the facility and, with respect to whether the facility is "reasonably free from conditions hazardous to the safety of children and approved for such use," their report indicated "Yes," and "Approval for 1st floor only." The report recited no violations and made no form of order with which appellee was required to comply.

R.C. 119.01(D) provides:

" 'Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature."

Therefore, to constitute an "adjudication" for purposes of R.C. 119.12, a determination must be (1) that of the highest or ultimate authority of an agency which (2) determines the rights, privileges, benefits, or other legal relationships of a person. Both elements are required.

R.C. 5104.05 provides:

"(A) The director of human services shall issue a provisional license or license or renew a license for the operation of a child day-care center, if he finds, after investigation of the applicant and inspection of the center, that other requirements of Chapter 5104. of the Revised Code, rules promulgated pursuant to Chapter 5104. of the Revised Code, and the following requirements are met:

" * * *

"(2) The state fire marshal or the fire chief or fire prevention officer of the municipal corporation or township in which the center is located has inspected the center annually within the preceding license period and has found the center to be in compliance with rules promulgated by the fire marshal pursuant to section 3737.83 of the Revised Code regarding fire prevention and fire safety in a child day-care center."

The fire marshal is charged in R.C. 3737.83 with developing certain standards as a part of the state fire code, and in subsection (E) is required to:

"Establish minimum standards pursuant to section 5104.05 of the Revised Code for fire prevention and fire safety in child day-care centers and in type A family day-care homes, as defined in section 5104.01 of the Revised Code."

The fire inspector of Harrison Township, acting pursuant to R.C. 5104.-05(A)(2), found that the second floor of appellee's child day-care center was not in compliance with regulations adopted pursuant to R.C. 3737.83(E). However, whether that finding constitutes an "adjudication" for purposes of R.C. 119.01(D) and 119.12 depends on whether it is the act of the highest or ultimate authority of an agency which determines the rights of a person.

■ Due process of law guarantees that all persons are entitled to a judicial inquiry into any controversy affecting the rights of persons or property which have been brought about by the actions of government agencies or officials. However, " * * * controversies in matters purely executive in their nature are not required to be reviewed by a judicial tribunal in order to constitute due process." *Stanton v. Tax Commr.* (1926), 114 Ohio St. 658, 676, 151 N.E. 760, 766. "If the proceeding involves a ministerial, executive, or political function, no legislative fiat can make it a matter of judicial cognizance, unless the agencies charged with performance of the function proceed in an unlawful manner." *Id.* at 680, 151 N.E. at 767.

Discretion to issue a license for operation of day-care center at facilities such as appellee's is granted by R.C. 5104.05, exclusively, to the State Director of Human Services. That discretion is limited by the findings of the fire marshal or township fire inspector; the Director of Human Services has even specifically provided that approval of the inspector "shall be a prerequisite for licensure." Ohio Adm.Code 5101:2-12-22(C). However, the approval of the fire marshal or fire inspector does not "determine" rights. That event occurs with the granting or withholding of a license, which is a function reserved to the Director of Human Services.

■ Upon the foregoing analysis, we conclude that the inspection and report of the township fire inspector constitute performance of a purely "executive function" not subject to judicial review. *Stanton v. Tax Commr., supra.* It fails to meet the specific requirements of R.C. 119.01(D): it is not (1) the act of the highest or ultimate authority of an agency which (2) determines the rights, privileges, benefits or other legal relationships of a person. Those considerations provide the ultimate and determinative test for an "adjudication." Under these facts and circumstances, that act is the decision of the Director of Human Services to issue a license or not to issue a license under the regulatory scheme and procedure set out in R.C. 5104.05. For purposes of R.C. 119.12, therefore, the report of the fire inspector was not

an "adjudication" reviewable by the court of common pleas pursuant to R.C. 119.12.

■ The decision of the trial court suggests that it may have found jurisdiction in the further, specific language of R.C. 119.12 concerning "appeal from the orders of the fire marshal issued under Chapter 3737 of the Revised Code." We do not agree. In the context of R.C. 119.12, the provision is concerned with venue, not jurisdiction, which is conferred only under R.C. Chapter 3737. The sections of that chapter concerning issuance of citations by the fire marshal or inspector to remedy dangerous conditions (R.C. 3737.41) or to correct violations of the state fire code (R.C. 3737.42) do create forms of orders. Further, R.C. 3737.51 provides for civil penalties for knowing violations of those requirements, which may be recovered in a civil action brought in the court of common pleas in the county where the violation is alleged to have occurred. However, R.C. 3737.43 provides that any person aggrieved by a citation issued pursuant to R.C. 3737.41 or 3737.42 may appeal the citation to the court of common pleas *only* after further hearing and determination of the grounds of the citation by a hearing officer appointed by the fire marshal. The chapter makes no provision for direct appeal to the court of common pleas by an aggrieved person from the citation or order of the fire marshal otherwise.

In this case the report of the fire inspector made no order and constitutes no form of "citation" contemplated under R.C. Chapter 3737. There was no hearing of the findings of the report. R.C. Chapter 3737, therefore, provides no basis for appeal from the fire inspector's report, and we conclude that the specific provisions of R.C. 119.12 concerning appeals from the orders of the fire marshal issued under R.C. Chapter 3737 have no application.

We find that the trial court erred in holding that it had jurisdiction to entertain the appeal from the report of the fire inspector. The assignment of error is sustained, and the decision and order of the court of common pleas filed June 22, 1990, will be vacated.

III

EVIDENTIARY ISSUES

Appellant's second and third assignments of error each question evidentiary determinations of the trial court and will be considered together. Those assignments state:

"II The court erred in assuming facts which were not supported by evidence and the court erred in assuming facts which were not in evidence.

"III  The trial court erred in concluding that appellant was denied use of the second floor because the Ohio Board of Building's standards were not complied with."

■  Ordinarily, a trial court hearing an appeal from an order of an administrative officer or agency is confined to the transcript of the proceeding before that officer or agency in the course of its appellate review.  R.C. 2506.03.  However, in this case, there was no form of hearing or other judicial proceeding below and so there was no form of transcript or other record properly before the trial court from which it could make its findings of fact. The trial court drew its conclusions from documents attached as exhibits to the petition, which do not constitute a record of evidence for purposes of appellate review.

The second and third assignments of error will be sustained.

## IV

## BURDEN OF PROOF

Appellant states as its fourth assignment of error:

"The court erred in finding that the burden of proof is by a preponderance of the evidence."

■  The trial court found that, with respect to violations of the building code, any findings by the fire inspector that violations constitute a distinct hazard to life or property must be supported by a preponderance of the evidence.  Appellant argues that this is incorrect, relying on R.C. 119.12, which states in pertinent part:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law.  In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

Appellant argues that whether an order is supported by "reliable, probative, and substantial evidence" is a standard different from that requiring proof by a preponderance of the evidence.

R.C. 119.12 does not state a burden of proof but a standard for appellate review by the trial court of an administrative order.  The trial court applied the correct standard for building code determinations.  However, the issue before the trial court was not subject to its appellate review, for reasons

stated in Part II, herein. Therefore, the assignment of error is without merit and is overruled.

## V

## CONCLUSION

For the reasons stated in the foregoing discussion, the judgment and decision of the trial court entered June 22, 1990, is vacated.

*Judgment vacated.*

FAIN, P.J., and BROGAN, J., concur.