CROWLEY, Appellant,

v.

OHIO REHABILITATION SERVICES COMMISSION, Appellee.

[Cite as *Crowley v. Ohio Rehab. Serv. Comm.* (1998), 126 Ohio App.3d 783.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE07–935.

Decided March 24, 1998.

784

*Vicki L. Jenkins,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Christopher E. Wasson,* Assistant Attorney General, for appellee.

PETREE, Judge.

This matter is before this court upon the appeal of Ann Crowley, appellant, from a judgment of the Franklin County Court of Common Pleas in favor of appellee, Ohio Rehabilitation Services Commission. Appellant sets forth three assignments of error, as follows:

"[I]. The trial court erred in affirming the decision of the Ohio Rehabilitation Services Commission as the decision of the Hearing Officer was not shown by clear and convincing evidence to be clearly erroneous on the basis of being contrary to federal or state laws as required by the Rehabilitation Act of 1973, as amended.

"[II]. The Court of Common Pleas erred in affirming the decision of the Ohio Rehabilitation Services Commission as [the] Commission failed to give notice of its intent to review the decision and an opportunity to submit additional information, and for such violations, the Rehabilitation Act of 1973, as amended, requires reinstatement of the hearing officer's decision.

"[III]. The Court of Common Pleas erred in affirming the decision of the Ohio Rehabilitation Services Commission requiring the reassessment of Appellant's eligibility as this was not the question before the hearing officer and violates the notice and hearing provisions in the Rehabilitation Act of 1973 as amended."

In June 1995, appellant, a Columbus resident, applied for vocational services through the Bureau of Vocational Rehabilitation ("BVR").[1] Appellant suffers from an organic brain disorder resulting in a learning disability in math. Appellant also has difficulty understanding verbal directions. Appellant graduated from high school with a relatively high grade point average with the aid of math tutors and other educational assistance.

Appellant completed her first year at John Carroll University, a small, private college located in northeastern Ohio. Appellant wishes to pursue a degree in communications. Appellant chose to attend John Carroll because it is a small campus with a low student/teacher ratio, and most important, because the university offers a degree program in communications that does not require math courses for graduation. Appellant requested that BVR support her continued attendance at John Carroll by providing tuition and room and board.

Appellant's case was assigned to Vocational Rehabilitation Counselor Paula Roush. In accordance with BVR's "least cost" policy, Roush conducted a cost comparison of appellant's chosen school, John Carroll, with the Ohio State

---

1. The BVR, one of three bureaus composing appellee, provides vocational rehabilitation services to persons with disabilities other than visual. Ohio Adm.Code 3304–1–01(A).

University ("OSU"), the nearest state-supported university. Both universities offer a four-year degree program in communications. The projected annual education expenses at John Carroll, including tuition and room and board, come to approximately $17,000, compared to OSU's tuition expense of approximately $3,200. No inquiry was made as to the cost of room and board at OSU due to Roush's assumption that if appellant attended OSU, she could reside with her parents and commute to classes.

Unlike John Carroll, OSU requires its communications majors to take a math placement test and ten credit hours (two classes) of math. However, OSU's Director of Disability Services informed Roush that, if appellant provided documentation, corroborated by a psychological evaluation or a professional advocate's statement, that she required special equipment to assist her with math courses, the equipment would be provided for her. Roush was also told that there was also a possibility that OSU would agree to waive its math requirement if appellant were to file a petition to that effect.

John Carroll offers no formal disability services program. Accommodations for students with disabilities are made on a case-by-case basis and vary with each individual professor. In contrast, OSU offers a diversified group of services and programs for students with disabilities.

Finding that appellant's vocational goal and disability could be accommodated at the least cost at OSU, BVR offered to pay appellant's annual tuition costs at John Carroll at the rate of tuition at OSU. BVR denied her request for room and board on the basis that her Columbus residency would have precluded payment for housing had she enrolled at OSU. Appellant appealed this determination to a hearing officer who was appointed to hear her claim.

At the administrative hearing, Roush testified that she considered only OSU and John Carroll in her cost analysis because OSU is the closest state-supported university to appellant's residence and John Carroll is appellant's chosen school.

Jeanne Seavers, assistant area manager for the southeast area of BVR, testified that it is BVR's policy not to provide assistance at the rate of tuition at a private college or room and board if the client lives within a certain radius of a state-supported university that can accommodate the client's vocational and disability needs.

Eric Duffy, Director of Field Services for the National Federation of the Blind and a former employee of the Ohio Client Assistance Program, testified that the least-cost policy is not well understood and is applied differently throughout the state by vocational rehabilitation counselors. He also testified that students with disabilities at OSU are presently experiencing difficulties having their special needs accommodated. However, Duffy admitted that he is unfamiliar with

appellant's particular disability and thus had no knowledge as to whether OSU could or would accommodate appellant's disability.

Dr. Henry Leland, professor emeritus of psychology and former chief of psychological services for the Nisonger Center at OSU, testified that, based on his review of appellant's vocational rehabilitation file and his own psychological evaluation of her, appellant suffers from an atypical learning disorder that results in difficulty synthesizing and organizing materials. Dr. Leland opined that the optimum postsecondary setting for appellant would be at a facility that provided small classes, minimum competition (both academically and socially) and a great deal of tutorial assistance in the math area. According to Leland, appellant's atypical learning disorder could not be sufficiently accommodated at OSU due to the size of the university. Leland admitted, however, that students with atypical learning disabilities such as appellant's have attended OSU and completed their degrees. Leland further opined that appellant's disability could be accommodated at a smaller state-supported school such as Bowling Green State University ("BGSU").

Given this evidence, the hearing officer concluded that appellant's particular disability cannot be accommodated at OSU. Based on this conclusion, the hearing officer recommended that BVR provide appellant with tuition assistance at a rate equal to the cost of tuition at BGSU. The hearing officer also found that since appellant's disability cannot be accommodated in the area in which she resides, she will be forced to incur additional living expenses in order to participate in training. Accordingly, it was recommended that BVR provide appellant assistance for room and board at a rate equal to the cost of room and board at BGSU.

Appellee issued an adjudication order disapproving the hearing officer's report and recommendation. Appellee found that clear and convincing evidence established the hearing officer's report and recommendation to be clearly erroneous as it was contrary to state and federal law and policy. Appellee affirmed BVR's decision to provide appellant tuition assistance to attend John Carroll equal to the amount it would have provided appellant to attend OSU and to deny appellant room and board. Appellee further ordered BVR to reassess appellant's eligibility for rehabilitation services.

Appellant appealed this determination to the common pleas court pursuant to R.C. 119.12. The common pleas court affirmed, finding reliable, probative and substantial evidence to support appellee's order. Appellant then timely appealed to this court.

By the first assignment of error, appellant argues that the common pleas court erred in affirming appellee's order.

Section 722(d)(3)(C)(i), Title 29, U.S.Code, states, in part:

"The Director may not overturn or modify a decision of an impartial hearing officer, or part of such a decision, that supports the position of the individual unless the Director concludes, based on clear and convincing evidence, that the decision of the independent hearing officer is clearly erroneous on the basis of being contrary to Federal or State law, including policy."

█ When the court of common pleas reviews a decision of an administrative agency, it must determine whether there is reliable, probative and substantial evidence in accordance with law to support the agency's decision. Thus, the common pleas court must determine whether there is a presence or absence of the requisite quantum of evidence to support the agency's order. *Miller v. Ohio Rehab. Serv. Comm.* (1993), 85 Ohio App.3d 701, 707, 621 N.E.2d 437, 441–442.

█ By contrast, when an appellate court reviews a decision of the common pleas court concerning the weight of the evidence in an appeal from an administrative agency, its role is limited to determining whether the common pleas court abused its discretion as to those issues it has discretion to exercise. *Mosholder v. Ohio Rehab. Serv. Comm.* (1991), 75 Ohio App.3d 134, 136, 598 N.E.2d 1271, 1272. An abuse of discretion connotes more than a mere error in judgment; it implies a decision without a reasonable basis or one that is clearly wrong. *Id.* On questions of law, the common pleas court does not exercise discretion and the court of appeals review is plenary. *Univ. Hosp. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835.

The legal issue presented in the instant case is whether the common pleas court abused its discretion in finding that appellee acted properly in modifying the determination of its hearing officer and deciding to limit the level of educational and other benefits available to appellant to an amount equivalent to tuition at OSU without room and board.

College education falls within the service defined as "training" in Ohio Adm. Code 3304–2–58, which states:

"Training includes, but is not limited to, vocational training, personal adjustment training, vocational adjustment training, on-the-job training, and training services such as books, tools, and other training materials. Training may be provided at universities, colleges, community/junior colleges, vocational schools, technical institutes, hospital schools of nursing, rehabilitation facilities, and other appropriate training sites or programs * * *."

In addition, Ohio Adm.Code 3304–2–52(C) states:

"Services shall be provided at the least cost consistent with the client's disability; and for training, services shall also be provided at the least cost consistent with training needed to reach the vocational goal."

■ Initially, we find that clear and convincing evidence establishes that the hearing officer's recommendation that BVR should provide appellant tuition and room and board at the same rate it would support appellant's attendance at BGSU is clearly erroneous. The only evidence to support the hearing officer's decision is Dr. Leland's testimony that appellant's disability could be accommodated at a smaller state-supported school such as BGSU. However, no evidence was offered to establish the cost of tuition at BGSU, whether BGSU offered the degree program appellant wishes to pursue, what BGSU's math requirement for appellant would be, or what types of disability services and programs BGSU offers. In short, no evidence was offered to establish whether BGSU could accommodate appellant's vocational goals and disability needs. Without such evidence, it could not be found that BGSU is a least-cost alternative to appellant's school of choice.

■ We also find that clear and convincing evidence establishes that the hearing officer's conclusion that OSU cannot accommodate appellant's disability is erroneous. Appellant argues that OSU's admission requirements, specifically the requirement that she take a math placement test, would have been a hurdle for her. However, appellant never applied for admission to OSU. No evidence was offered by appellant to establish that she would have been unable to fulfill OSU's admission requirements. Without evidence of an attempt at admission, appellant cannot prove that she would have failed to satisfy the admission requirements.

Appellant also argues that she would have been unable to complete the math requirements at OSU. However, no evidence establishes that appellant had been advised by any professional that she must avoid math classes while pursuing a degree. Indeed, appellant's vocational rehabilitation file contains the reports of two psychologists, neither of whom recommended that appellant completely avoid math courses. Indeed, both psychologists recommended tutoring and the use of calculators to assist appellant in successfully completing her math courses.

Moreover, OSU requires communications majors to complete only two math courses totaling ten credit hours. It was established at the hearing that appellant completed high school math courses with the aid of tutors and other educational assistance. In addition, there was also evidence to establish that OSU's Disability Services Office offers assistance in advocating and providing necessary accommodations for appellant, including the use of special equipment in math courses. Furthermore, appellant may petition for the waiver of the math requirement. Moreover, Dr. Leland's testimony establishes that students with

atypical learning disabilities have successfully graduated from OSU. In short, there was no evidence that OSU was unable or unwilling to provide appellant reasonable accommodations to assist her in pursuing and completing her degree.

Evidence offered at the hearing establishes that the programs and services available at OSU are consistent with appellant's vocational goal and disability. Annual tuition at John Carroll is in excess of $12,000, compared to tuition of $3,200 at OSU. Clearly, OSU is the least-cost alternative to appellant's school of choice.

Appellee's determination in the instant case is consistent with this court's decision in *Mosholder, supra.* In that case, the appellant requested tuition support in attending Mount Union College, a private college, at the same rate of tuition at Kent State University, the nearest state-supported university. Appellee denied appellant's request for tuition assistance to attend Mount Union; the trial court upheld appellee's decision. This court reversed, holding that appellant could attend the college of her choice, with tuition assistance provided by appellee limited to the amount she would have received had she attended Kent State, the least-cost alternative. In addressing the issue of tuition assistance, this court stated, "An individual is entitled to the least cost tuition assistance based on her handicap. See Ohio Adm.Code 3304–[2]–54(A). As such, if an individual is found to be eligible for tuition assistance, that assistance should be provided to her, at the least cost." *Id.,* 75 Ohio App.3d at 137, 598 N.E.2d at 1273.

In the instant case, appellee determined that OSU could accommodate appellant's vocational goal and disability and, therefore, was the least-cost alternative to appellant's chosen school. Appellee's decision to provide appellant tuition assistance limited to the amount she would have received had she attended OSU is supported by the evidence and is completely consistent with this court's holding in *Mosholder.*

■ Furthermore, clear and convincing evidence establishes that the hearing officer's recommendation that appellant be provided room and board at the rate of room and board at BGSU is clearly erroneous. Initially, we note that no evidence was offered to establish the cost of room and board at BGSU. Moreover, appellant is not entitled to payment of room and board. Ohio Adm.Code 3304–2–59(A)(1) states:

" 'Maintenance' means the additional cost of meals, housing, and other living costs incurred while participating in assessment, another VR service, or employment."

Section 723(a)(5), Title 29, U.S.Code, allows state agencies to provide "maintenance for additional costs incurred while participating in rehabilitation." A consumer can receive assistance for meals and housing only if participation in a

training program creates additional housing and meal expense beyond those they would incur if they were not receiving services from appellee. The hearing officer's recommendation was based on the conclusion that appellant would be forced to incur additional living expenses in order to participate in training because her disability cannot be accommodated in the area in which she resides. As we have previously determined, appellant's vocational goal and disability can be accommodated at OSU. Therefore, appellant need not incur additional living expenses in order to participate in training. Accordingly, she is not entitled to maintenance. For all the foregoing reasons, appellant's first assignment of error is not well taken.

■ By the second assignment of error, appellant argues that the common pleas court erred in affirming appellee's decision because appellee failed to notify her of its intent to review the decision of the hearing officer and denied her the right to submit additional information prior to the review.

Section 361.48(c)(2), Title 34, C.F.R., provides:

"(iv) If the Director of the designated State unit decides to review the decision of the impartial hearing officer, the Director shall notify in writing the applicant or client, or if appropriate, the individual's parent, guardian or, other representative, of that intent within 20 days of the mailing of the impartial hearing officer's decision;

"(v) If the Director of the designated State unit fails to provide the notice required by paragraph (c)(2)(iv) of this section, the impartial hearing officer's decision becomes a final decision;

" * * *

"(vii) If the Director of the designated State unit decides to review the decision of the impartial hearing officer, the applicant or client, or, if appropriate, the individual's parent, guardian, or other representative, is provided an opportunity for the submission of additional evidence and information relevant to the final decision * * *."

In addition, Ohio Adm.Code 3304–2–62(B)(2)(e) provides:

"The administrator shall notify the client, within twenty days of the mailing of the hearing officer's report to the client, that the hearing officer's report will be reviewed. Such review shall be conducted in accordance with Chapter 119. of the Revised Code."

The hearing officer issued the report and recommendation on August 30, 1996. Appellee served appellant a copy of the report and recommendation on September 4, 1996. Appellee also sent a letter to appellant that stated the following: "Written objections to the Hearing Officer's Report may, within ten calendar

days of receipt of the enclosed report, be filed by you with the Administrator, who shall consider them before approving, modifying, or disapproving the report. Any objections you wish to file should be mailed to Robert L. Rabe, Administrator * * *." This notice is more than adequate to have informed appellant that the administrator intended to review the hearing officer's report and recommendation and either affirm, modify, or reject it. Accordingly, we find no merit to appellant's argument.

■ Similarly, we are unpersuaded by appellant's contention that she was denied the right to present additional evidence or information before the administrator. Section 361.48(c)(2)(vii), Title 34, C.F.R., merely affords appellant the opportunity to submit additional evidence and information relevant to the final decision. Whether appellant chooses to take advantage of this opportunity is strictly up to her. At all stages of the proceedings, appellant was represented by counsel who should have been aware that additional evidence or information could have been submitted. However, no evidence establishes, and appellant does not argue, that she made any attempt to present additional evidence or information after she was notified that the administrator would review the hearing officer's report and recommendation. Because appellant did not attempt to submit additional evidence, she could not have been denied the right to do so. Accordingly, appellant's second assignment of error is not well taken.

■ By the third assignment of error, appellant contends that the common pleas court abused its discretion in affirming appellee's decision requiring the reassessment of appellant's eligibility for rehabilitation services. Appellant argues that the appeal and hearing concerned only the denial of tuition assistance; thus, the order requiring a reassessment of her eligibility violates her due process rights because her eligibility had already been determined and was not at issue at the hearing. Appellee argues that this portion of the order does not constitute an adjudication as defined under R.C. 119.01 and thus does not constitute a violation of appellant's due process rights.

R.C. 119.01(D) states:

" 'Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature."

■ "[T]o constitute an 'adjudication' for the purposes of R.C. 119.12, a determination must be (1) that of the highest or ultimate authority of an agency which (2) determines the rights, privileges, benefits or other legal relationships of

a person. Both elements are required." *Russell v. Harrison Twp.* (1991), 75 Ohio App.3d 643, 648, 600 N.E.2d 374, 377.

The portion of the order appellant challenges requires BVR to reassess the vocational rehabilitation counselor's eligibility decision. This section of the order does not determine appellant's rights, privileges, or legal relationships, including her eligibility status. It also does not determine her benefits as a client, given that the actual adjudication order found that she should be paid tuition.

This portion of the order is nothing more than an instruction to BVR to perform a reassessment. Appellant cites no authority to support her contention that appellee is not permitted to order the reassessment of a client's eligibility. As noted in *Miller,* "[t]here is no vested right to receive further support from the commission. * * * Both federal and state provisions allow termination of benefits through a certification of ineligibility." *Id.* at 709, 621 N.E.2d at 442. Thus, it appears that reassessment of a consumer's eligibility is permissible.

Should BVR's reassessment result in a finding that appellant is ineligible for benefits, she may then appeal that decision just as she appealed BVR's decision regarding tuition assistance. At that time, appellant would be entitled to submit evidence and examine witnesses before a hearing officer pursuant to Ohio Adm.Code 3304–2–62(B) and Section 722(d)(2)(A), Title 29, U.S.Code. Accordingly, the third assignment of error is not well taken.

For the foregoing reasons, this court finds that the Franklin County Court of Common Pleas did not abuse its discretion in affirming appellee's order since appellee's decision to modify the hearing officer's report and recommendation was supported by reliable, probative and substantial evidence, and was in accordance with law. Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BOWMAN and JOHN C. YOUNG, JJ., concur.