OPINION
The issue in this consolidated appeal is whether the Franklin County Court of Common Pleas has jurisdiction over an appeal from a decision of appellant, Self-Insuring Employers Evaluation Board ("SIEEB"), ordering appellee, Baltimore Ravens, Inc. ("the Ravens"), to pay the Ohio Bureau of Workers' Compensation $50,000 as a civil penalty for the Ravens' continued refusal to pay workers' compensation awards for five former Cleveland Browns football players. For the reasons that follow, we answer in the affirmative.
On March 25, 1999, the Ravens filed a notice of appeal with SIEEB and a submission of notice of appeal (pursuant to R.C.119.12) with the trial court from the March 10, 1999 decision of SIEEB that imposed the $50,000 fine. R.C. 119.12 permits parties adversely affected by an order of an agency issued pursuant to any other adjudication to appeal to the Franklin County Court of Common Pleas.
On April 29, 1999, SIEEB filed a motion to dismiss the appeal for lack of subject-matter jurisdiction and failure to set forth a cause of action for which relief may be granted. SIEEB argued that the court of common pleas lacked subject-matter jurisdiction over the appeal because SIEEB's orders and decisions are part of the bureau of workers' compensation and, therefore, excluded from the appeals process provided in R.C. Chapter 119. R.C. 119.01(A) provides, in pertinent part, that: "Sections 119.01
to 119.13 of the Revised Code do not apply to actions of the industrial commission or the bureau of workers' compensation under sections 4123.01 to 4123.94 of the Revised Code with respect to all matters of adjudication."
The Ravens responded with a memorandum contra on May 11, 1999. In its memorandum, the Ravens argued that SIEEB was an independent adjudicatory body and only part of the bureau of workers' compensation for administrative purposes.
On May 27, 1999, while the appeal was pending and before the trial court had ruled on the motion to dismiss, SIEEB vacated its decision of March 10, 1999 and notified the Ravens that a new hearing would take place on June 14, 1999. SIEEB indicated that its previous findings were being vacated in order that a determination of the matter could be made at a record hearing held in accordance with R.C. Chapter 119. See R.C. 4123.35.2(C) [4123.352(C)], ("If the board determines, after a hearing conductedpursuant to Chapter 119. of the Revised Code and the rules of the bureau, that the employer has failed to correct the deficiencies within the time fixed by the board or is otherwise in violation of thischapter, the board shall recommend to the administrator revocation of an employer's status as a self-insuring employer or such other penalty which may include, but is not limited to, probation, or acivil penalty not to exceed ten thousand dollars for eachfailure.") [Emphasis added.]
On June 9, 1999, the trial court denied the motion to dismiss, holding that it had subject-matter jurisdiction over the appeal, as SIEEB was a part of the bureau of workers' compensation for administrative purposes, not for adjudicatory purposes. Despite this ruling by the trial court, the hearing scheduled for June 14, 1999 went forward. The claims administrator appeared for the Ravens, but the Ravens were not represented by counsel and did not present any evidence or defenses.
On July 8, 1999, SIEEB mailed its new order (erroneously dated June 8, 1999) to the Ravens, again ordering them to pay a total of $50,000 in fines ($10,000 for each of the five cases). The Ravens appealed that order to the trial court on July 19, 1999. The trial court, in its decision of September 8, 1999, and a judgment entry of October 6, 1999, found the actions of SIEEB taken after the first notice of appeal had been filed to be null and void. The trial court then considered the merits of the appeal taken from the March 10, 1999 order. The trial court found that there was no record of proceedings related to the March 10, 1999 order and, accordingly, remanded the matter to SIEEB to conduct a hearing pursuant to R.C. Chapter 119 and to afford the Ravens the opportunity to offer evidence and argument.
SIEEB appealed from the October 6, 1999 judgment, assigning as error the following:
 The court below erred by failing to grant the motion of the Self-Insured Employers Evaluation Board to dismiss the purported appeals, as orders of the board are not subject to the judicial review procedures of R.C. 119.12.
In its sole assignment of error, SIEEB argues that the trial court was without subject-matter jurisdiction to review, pursuant to R.C. 119.12, the decisions and orders of SIEEB. SIEEB argues that it does not enforce or execute its own orders, and that its actions are so dependent upon the directions and powers of the bureau of workers' compensation that it must, as a matter of law, be encompassed within the exclusionary terms of R.C.119.01(A). We disagree.
As discussed in our opinion in Hillside Dairy Company v.Self-Insuring Employers Evaluation Board (Aug. 3, 2000) Franklin App. No. 99AP-786, unreported, SIEEB is a three-member board created by statute consisting of a member of the Industrial Commission of Ohio, a member of the Ohio self-insurance association, and a representative of labor. R.C. 4123.35.2(A) [R.C. 4123.352(A)]. The statute provides that, for administrative purposes, SIEEB is part of the bureau of workers' compensation, "and the bureau shall furnish the board with necessary office space, staff, and supplies." Id.
The purpose of SIEEB is to investigate and order corrective action with regard to complaints or allegations of misconduct against self-insuring employers or questions as to whether self-insuring employers continue to meet minimum standards. R.C. 4123.352(C). SIEEB's determinations in this regard "need not be made by formal hearing but shall be issued in written form and contain the signature of at least two board members." Id. SIEEB may also conduct formal hearings pursuant to R.C. Chapter 119, and make recommendations to the administrator of workers' compensation for disciplining a self-insuring employer.Id. Where the board makes such recommendations to the administrator, "the administrator promptly and fully shall implement the recommendations." Id.
In Hillside Dairy, supra, this court affirmed the decision of the trial court that it did not have subject-matter jurisdiction over an appeal from an informal hearing after which SIEEB merely requested Hillside Dairy to pay certain medical bills of one of its employees who had filed a workers' compensation claim. This court concluded that such an informal action did not constitute an "adjudication" within the meaning of R.C. 119.01(D).
In this case, however, we believe that SIEEB's March 10, 1999 decision, with respect to the Ravens, does constitute an adjudication within the meaning of R.C. 119.01(D), and is easily distinguished from the "informal hearing findings" made with respect to Hillside Dairy.
R.C. 119.01(D) defines "adjudication" as follows:
 "Adjudication" means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature.
To constitute an adjudication, for the purposes of R.C.119.12, a determination must be: an action of the highest or ultimate authority of an agency and an action that determines the rights, privileges, benefits or other legal relationships of a person. Russell v. Harrison Twp. (1991), 75 Ohio App.3d 643, 648;Crowley v. Ohio Rehab. Serv. Comm. (1998), 126 Ohio App.3d 783,793-794.
With respect to the Ravens, SIEEB assessed the maximum civil penalty of $10,000 for each of the five cases pursuant to Ohio Adm. Code 4123-19-13(B)(3)(c), finding that the Ravens engaged in "blatant and defiant behavior" in refusing to pay workers' compensation awards. There is no question that this act adversely affected the Ravens. We also agree with the Ravens that this act was made by the highest or ultimate authority of the agency. Under the statute, the administrator of the bureau of workers' compensation does not have the authority to overturn or alter SIEEB's determinations.
SIEEB argues that, even if its actions constitute an adjudication within the meaning of R.C. 119.01(D), its adjudications are under the control of the bureau of workers' compensation and, are therefore, specifically excluded from the appeals process of R.C. 119.12. SIEEB points to the language of the statute that permits the board to meet only as required by the administrator of the bureau of workers' compensation, and that it has no enforcement power of its own. In particular, SIEEB argues that its decisions are returned to the administrator in the form of recommendations, that it cannot itself take disciplinary action, and that only the administrator has the power to take action against a self-insured employer.
The Ravens, on the other hand, argue that SIEEB is separate from the bureau of workers' compensation and a distinct quasi-judicial entity. The Ravens point to the language of the statute that provides for the appointment of a board of three members, one of whom has already been appointed by the governor as a member of the Industrial Commission of Ohio, and two others who are also appointed by the governor. R.C. 4123.352(A). With respect to enforcement, the Ravens argue that SIEEB's disciplinary recommendations are binding, and the administrator is merely given the ministerial function to "promptly and fully implement the recommendations." R.C. 4123.352(C).
We agree with the Ravens that, although linked to the bureau of workers' compensation for administrative purposes, SIEEB is an independent quasi-judicial agency created by statute and not under the control of the bureau of workers' compensation for adjudicatory purposes. Although the administrator refers complaints to SIEEB, it is SIEEB, not the administrator or the bureau, that has jurisdiction to investigate, make findings, and order that corrective action or discipline be imposed by the administrator. Nothing in the statute permits the administrator to contravene any finding or determination that SIEEB makes. Even though discipline recommended by SIEEB is to be imposed by the administrator, the act of imposing such discipline is ministerial in nature because R.C. 4123.352(C) precludes him from exercising any discretion in this regard. Therefore, we agree with the trial court that it had jurisdiction to hear the Ravens' appeal from the March 10, 1999 order of SIEEB.
Finally, we agree with the trial court that the actions taken by SIEEB at the June 14, 1999 hearing are of no effect. When the Ravens filed their notice of appeal pursuant to R.C.119.12, SIEEB no longer had the ability to vacate its March 10, 1999 decision. Agencies retain power to set aside or otherwise reconsider their decisions until the actual institution of a court appeal or until expiration of the time for appeal, in the absence of specific statutory limitation to the contrary. Hal ArtzLincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20, paragraph three of the syllabus. When a notice of appeal from a decision of an administrative agency has been filed, the agency is divested of its inherent jurisdiction to reconsider, modify, or vacate the decision. Lorain Edn. Assn. v. Lorain City SchoolDist. Bd. Of Edn. (1989), 46 Ohio St.3d 12. Accordingly, the matter must be remanded to SIEEB for a new hearing conducted in accordance with R.C. Chapter 119 as the original hearing was not conducted in accordance with R.C. Chapter 119 and the second hearing was a nullity.
Based on the foregoing, SIEEB's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ____________________________ LAZARUS, J.
PETREE, J., concurs.
TYACK, J., dissents.