**HUMMEL, Appellee,**

v.

**OHIO ELECTIONS COMMISSION, Appellant.**

[Cite as *Hummel v. Ohio Elections Comm.* (1997), 124 Ohio App.3d 434.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE06–825.

Decided Dec. 16, 1997.

⊸683

McTigue & Brooks and Donald J. McTigue, for appellee.

Betty D. Montgomery, Attorney General, David M. Gormley and Stephen P. Carney, Assistant Attorneys General, for appellant.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of the Ohio Elections Commission ("commission"), from the May 2, 1997 decision and May 23, 1997 entry of the trial court, which reversed the commission's decision.

The history of this case is as follows: Kathy Hummel, appellee, and Timothy Truby ("Truby") both ran as candidates for a seat on the Cuyahoga Falls, Ohio City Council during the general election held on November 7, 1995. Truby was the incumbent. The parties agree that economic development was a major issue during this campaign. A fund-raising letter in support of Truby was issued by Cuyahoga Falls Mayor Don L. Robart. Mayor Robart invited the letter's recipients to a fund-raising breakfast in support of Truby's campaign. The letter began with the salutation "Dear _____," with each recipient's name entered in the salutation. This letter stated in pertinent part:

"The life blood of any community is its ability to promote and create economic development. In the past, Cuyahoga Falls has enjoyed much success in this area. However, on November 7th, the continued success of our economic development plan hangs in the balance with the re-election of Tim Truby.

"Tim's opponent, Kathy Hummel, has demonstrated a voting record that is clearly anti-development. The election of Kathy Hummel would, I believe, signal a significant downturn for our city."

This letter was sent to twenty-nine people, of which five to eight were developers, depending upon whose testimony is to be believed. Truby himself considered eight recipients as developers. As a result of the letter, Truby received approximately $3,100, $600 of which was from developers.

During the last week of the campaign, Hummel distributed a handbill which incorporated the above letter. However, Hummel changed the salutation line of the letter to read "Dear (Developer)." Hummel testified that she received this letter from a developer. She further explained that she made the change to protect the anonymity of the individual who had given her the letter as he had several projects "still before city council waiting for action." Hummel also testified that she did not intend to suggest that Mayor Robart had actually used the words "Dear Developer" in the letter. Rather, she testified that she put the word "Developer" in parentheses to show that she had substituted the word "Developer" for the original name of the recipient, who was in fact a developer. Hummel further testified that her use of the word "developer" had nothing to do with a "campaign implication or inference." The handbill also indicated that Truby had taken "substantial amounts of money from developers to help finance his political campaign."

Truby lost to Hummel in the election. Thereafter, Truby filed a complaint against Hummel with the commission, appellant herein. Counsel for Hummel raised several objections to the form of the complaint, most notably the fact that the complaint did not set forth those sections that Hummel was alleged to have violated.[1] After a hearing, the commission found that Hummel had violated both R.C. 3517.21(B)(8) and (10).

Hummel appealed to the Franklin County Court of Common Pleas, pursuant to R.C. 119.12. The court reversed the commission's findings, resulting in the appeal to this court. On appeal, the commission sets forth the following assignment of error:

"The trial court erred in reversing appellant Ohio Election Commission's administrative decision against appellee Kathy Hummel, as the commission's decision was supported by clear and convincing evidence that Hummel violated R.C. 3517.21(B)(8) and (10), and was in accordance with law. (Decision: 5/2/97 (error at page 13) and Judgment Entry: 5/23/97.)"

In an administrative appeal brought pursuant to R.C. 119.12, the court of common pleas must affirm an order of an administrative agency if the order is supported by reliable, probative, and substantial evidence and is in accordance with law. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. In a case such as this, with First Amendment implications, the complainant must show, by clear and convincing evidence, that the statement made is false and that the party made the false statement with "actual malice." *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 280, 285–286, 84 S.Ct. 710, 726, 728–729, 11 L.Ed.2d 686, 706–707, 709–710. "Actual malice" has been defined as knowledge that the statement was false or was made with reckless disregard of whether it was false or not. *Id.* at 280, 84 S.Ct. at 726, 11 L.Ed.2d at 706–707. Cf. *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.* (1985), 472 U.S. 749, 766–769, 105 S.Ct. 2939, 2949–2950, 86 L.Ed.2d 593, 607–609.

---

1. Ohio Adm.Code 3517–1–02 provides:
   "(A) Complaint.
   "A complaint shall be submitted to the commission in one of two forms:
   "(1) By affidavit by an individual based on personal knowledge in the following format:
   " * * *
   "(d) Clearly set forth the specific source or basis of the personal knowledge and be signed and sworn before a notary public or other person authorized by law to administer oaths in a form substantially in accordance with section 2935.19 of the Revised Code;
   " * * *
   "(f) Clearly set forth sufficient facts, supported by affidavits, exhibits and/or other documents to constitute a prima facie violation of Ohio election law over which the commission has jurisdiction[.]"

On appeal to this court, our court's review is further limited to determining whether the trial court abused its discretion in its review of the agency's order. *Hartzog v. Ohio State Univ.* (1985), 27 Ohio App.3d 214, 27 OBR 254, 500 N.E.2d 362. On the question of whether the agency's order is in accordance with law, our review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835.

In its sole assignment of error, appellant argues that the trial court erred in reversing the commission's decision that Hummel had violated R.C. 3517.21(B)(8) and (10). R.C. 3517.21(B)(8) and (10) provide:

"(B) No person, during the course of any campaign for nomination or election to public office or office of a political party, by means of campaign materials, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, press release, or otherwise, shall knowingly and with intent to affect the outcome of such campaign do any of the following:

" * * *

"(8) Falsely identify the source of a statement, issue statements under the name of another person without authorization, or falsely state the endorsement of or opposition to a candidate by a person or publication;

" * * *

"(10) Post, publish, circulate, distribute, or otherwise disseminate a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate."

On appeal, appellant argues that the handbill implied false assertions of fact and that the comments in the handbill were reasonably susceptible of an improper meaning. We cannot agree. Truby himself testified that this letter was in fact sent to developers. Truby further testified that he did receive money from developers, and further conceded that what is "substantial" is a matter of opinion. Thus, the commission's assertion that there is somehow a "false" assertion of facts is not persuasive. The evidence before the commission was insufficient to demonstrate that Hummel's alteration of the salutation line conveyed the false impression that Truby's campaign had targeted developers or that Hummel intended or expected that voters would infer that the letter was sent only to developers.

A review of *In re Complaint Against Harper* (1996), 77 Ohio St.3d 211, 673 N.E.2d 1253, cited by the commission in support of its argument that this handbill was susceptible of an improper meaning, is instructive. The Ohio Supreme Court stated as follows:

"Additionally, the board also concluded that these *implications were either untrue or that Judge Harper had no information to support the innuendoes.* * * * [T]he comments in the advertisement were reasonably susceptible of an improper meaning * * *." (Emphasis added.) *Id.* at 228–229, 673 N.E.2d at 1267.

In the instant action, the statements set forth in the handbill were true. Truby did take money from eight developers in the amount of $600, according to his own testimony. The record also reflects that he had taken money from developers in prior campaigns. Thus, Hummel had information to support the statements made in the handbill, and the statements were true, not false.

Moreover, the *Harper* case involved several charges of violations of the Code of Judicial Conduct. Two of the canons at issue in *Harper* are similar to the alleged violations in the instant action. The *Harper* case involved alleged violations of Canon 7B(1)(c) (announcing views on disputed legal or political issues or misrepresenting facts), and Canon 7C(9) (publishing or distributing a written or printed false statement knowing the statement to be false or with reckless disregard of its falsity, concerning a candidate). *Id.,* 77 Ohio St.3d at 214, 673 N.E.2d at 1257. It should be noted that the board of commissioners in that case *dismissed* the charges based on Canon 7B(1)(c) and 7C(9), and this was *affirmed* by the Ohio Supreme Court.[2] Notably, the court recognized that Justice Resnick had, in fact, received $307,000 from the Ohio Academy of Trial Lawyers. Thus, the court found:

" * * * *There was nothing wrong with the respondent's informing the public that Justice Resnick received substantial contributions from this special interest group.* Those who wished to go to the trouble could have examined Justice Resnick's campaign finance report filed with the Secretary of State and come to the same conclusion." (Emphasis added.) *Id.* at 227, 673 N.E.2d at 1266.

Thus, a closer reading of *Harper* reveals that *Harper* supports the trial court's finding in this case.

For all of the above reasons, this court cannot find that the trial court abused its discretion in reversing the commission's decision. Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

PEGGY BRYANT and CLOSE, JJ., concur.

---

**2.** The dismissal of the alleged violation of Canon 7B(1)(c) was apparently never appealed to the Ohio Supreme Court.