DECISION
{¶ 1} Appellant-appellant, Provisions Plus Inc., appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee-appellee, Ohio Liquor Control Commission ("commission"), that imposed a ten-day suspension for appellant's violation of Ohio Adm. Code 4301:1-1-43(I) when appellant paid for its liquor permit renewal fee with a check that appellant's bank refused to honor. Appellant assigns a single error:
The liquor commission erred when it suspended the Liquor Permit of Provisions Plus Inc., for a ten-day period.
Because the common pleas court did not abuse its discretion in determining the commission's order is supported by substantial, reliable and probative evidence and is in accordance with law, we affirm.
 {¶ 2} According to the stipulated facts, Investigator Veronica Davenport visited the liquor permit premises business of Provision Plus Inc. in Cleveland, Ohio, on July 23, 2002, pursuant to a licensing division complaint. Specifically, the renewal fee of $2,337.50 for appellant's liquor permit had not been paid. According to the investigative report, a check had been issued to the Division of Liquor Control ("division"), but the account on which the check was drawn had insufficient funds for payment.
 {¶ 3} On November 20, 2001, the division notified appellant by certified letter about the situation and gave appellant ten days to take corrective action. No check was forthcoming. During her July 23, 2002, visit, Davenport identified herself to a barmaid and advised of the violation. Davenport prepared and issued a violation notice that stated: "Violation of cash law (bad check-permit renewal)."
 {¶ 4} By notice of hearing mailed October 10, 2002, the division notified appellant that an administrative hearing would be held to determine whether appellant's liquor license should be suspended or revoked, or a forfeiture ordered. The notice of hearing alleged that on or about September 18, 2001, appellant violated Ohio Adm. Code 4301:1-1-43(I) by paying for its liquor permit renewal fee with a check that appellant's bank refused to honor.
 {¶ 5} At the November 6, 2002 hearing before the commission, appellant, through counsel, denied the alleged violation but stipulated to the investigative report and the dishonored check. The commission called as a witness Daniel Brandenburg of the Ohio Department of Commerce, Division of Liquor Control, Investigation and Compliance, who testified the dishonored check was not paid until November 4, 2002, two days prior to the hearing. On the evidence presented, the commission found appellant in violation of Ohio Adm. Code 4301:1-1-43(I) and suspended appellant's permit for a period of ten days.
 {¶ 6} Pursuant to R.C. 119.12, appellant appealed the commission's order to the Franklin County Court of Common Pleas, contending the commission's sanction "is unduly harsh and punitive in nature." (Appellant's Merit Brief, 3.) The commission responded, and on May 14, 2003, the court issued a decision finding the commission's order to be supported by reliable, probative and substantial evidence and to be in accordance with law. Journalizing its decision by judgment entry filed on July 13, 2003, the common pleas court affirmed the commission's order. In its single assignment of error, appellant contends, as it did in the common pleas court, that the sanction the commission imposed is unduly harsh, given the nature of appellant's violation.
 {¶ 7} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrewsv. Bd. of Liquor Control (1955), 164 Ohio St. 275, 279-280. The common pleas court's "* * * review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'"Lies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Conrad, at 111.
 {¶ 8} By contrast, an appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, rehearing denied, 67 Ohio St.3d 1439. In Pons, the Ohio Supreme Court noted, "[w]hile it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court abused its discretion * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id. An appellate court does, however, have plenary review of purely legal questions.Steinfels v. Ohio Dept. of Commerce, Div. of Securities (1998),129 Ohio App.3d 800, 803, appeal not allowed (1999),84 Ohio St.3d 1488; McGee v. Ohio State Bd. of Psychology (1993),82 Ohio App.3d 301, 305, citing both Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, paragraph one of the syllabus, and Inre Raymundo (1990), 67 Ohio App.3d 262, 265, jurisdictional motion overruled, 53 Ohio St.3d 718.
 {¶ 9} Appellant, doing business as the Bottom Line Nightclub, was charged with violating Ohio Adm. Code 4301:1-1-43(I), which states:
Any permit holder who pays the application processing fee, permit fee, or renewal permit fee to the division, or who pays for alcoholic beverages from a manufacturer, supplier, or wholesale distributor, with a check that is not honored for payment by the permit holder's financial institution, shall be subject to rejection of its application, or suspension or revocation of its permit, by the commission, or administrative citation by the division or commission.
 {¶ 10} According to the stipulated facts, appellant sent a check in payment of the permit renewal fee, and appellant's bank dishonored it for lack of sufficient funds. The licensing division advised appellant of the dishonored check and provided a period of ten days for appellant to rectify the problem. Appellant failed to do so, and instead tendered the permit renewal fee two days prior to the hearing on the alleged violation. Appellant presented no evidence, and no one but counsel for appellant appeared at the hearing on appellant's behalf. The evidence unequivocally supports the commission's determination that appellant violated Ohio Adm. Code4301:1-1-43(I).
 {¶ 11} Indeed, appellant's appeal in the common pleas court and its subsequent appeal to this court do not seriously contest the underlying violation. Rather, appellant quarrels with the sanction the commission imposed. Because, however, the commission's order is premised on reliable, substantial and probative evidence indicating that appellant violated Ohio Adm. Code 4301:1-1-43(I), the commission was authorized by law to suspend or revoke appellant's permit. See R.C. 4301.25(A) (authorizing the commission to "suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission or for other sufficient cause").
 {¶ 12} Moreover, because the commission imposed a sanction the statutory provisions authorize, Henry's Café v. Bd. ofLiquor Control (1959), 170 Ohio St. 233, paragraph three of the syllabus, prevents alteration of the sanction, stating that "[o]n such appeal, the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." Id. See, also,Aida Enterprises, Inc. v. Ohio State Liquor Control Comm.,
Franklin App. No. 01AP-1178, 2002-Ohio-2764, at ¶ 10, appeal not allowed, 96 Ohio St.3d 1533; Lindner v. Ohio Liquor ControlComm. (May 31, 2001), Franklin App. No. 00AP-1430 (concluding that as "a practical matter, courts have no power to review penalties meted out by the commission").
 {¶ 13} Because the commission's decision is supported by substantial, reliable and probative evidence, and because the penalty imposed is within the commission's authority, we overrule appellant's single assignment of error and affirm the judgment of the common pleas court.
Judgment affirmed.
Brown and Wright, JJ., concur.