OPINION
{¶ 1} Appellant, Rose Gallagher ("appellant"), appeals from the decision of the Franklin County Court of Common Pleas, which affirmed the State Personnel Board of Review's ("SPBR") dismissal of appellant's appeal from her removal as a sergeant employed by appellee, the Ross County Sheriff's Department. For the following reasons, we reverse.
 {¶ 2} This appeal arises out of a November 8, 2004 Order of Removal, removing appellant "from [her] position of Sergeant, Ross County Jail[,]" based on R.C. *Page 2 124.34 disciplinary offenses, specifically "Failure of Good Behavior and Dishonesty[.]" Ross County Sheriff, Ronald L. Nichols, signed the Order of Removal as the Appointing Authority.
 {¶ 3} On November 15, 2004, appellant appealed her removal to the SPBR, which scheduled a hearing on the merits for July 21, 2005. After commencement of the scheduled hearing, Administrative Law Judge ("ALJ") James R. Sprague recognized a jurisdictional issue concerning appellant's rank at the time of her removal. If appellant was not a sergeant at the time of her removal, she would have been subject to the grievance procedure set forth in the Collective Bargaining Agreement between the sheriff and the Fraternal Order of Police/Ohio Labor Council, Inc., that applied to deputy sheriffs below the rank of sergeant. Were appellant a member of the collective bargaining unit at the time of her removal, the SPBR would have lacked subject-matter jurisdiction to hear appellant's appeal. In an effort to resolve the jurisdictional issue, the ALJ heard testimony and permitted the parties to file post-hearing briefs.
 {¶ 4} At the SPBR hearing, appellant testified regarding events leading up to her removal. Near the end of her shift on Thursday, November 4, 2004, appellant received from her supervisor, Captain Timothy Holman, a Notice of Pre-Disciplinary Conference ("Notice"), arising out of appellant's alleged utterance of a racial slur on Monday, November 1, 2004. The Notice contained allegations of "Failure of Good Conduct, Malfeasance, [and] Misfeasance" and notified appellant that a pre-disciplinary conference was scheduled for Monday, November 8, 2004. Upon receipt of the Notice, *Page 3 
appellant handed Captain Holman her "sergeant's stripes"[1] and told him, "I can't do this any more" and that she no longer wanted to be a supervisor. (Tr. at 31.) Although appellant was aware that turning in her stripes was a symbolic gesture regarded as the voluntary relinquishment of rank, she testified that she did not intend her actions as anything other than symbolic of her frustration. Appellant did not speak to Sheriff Nichols about resigning as a sergeant, either on November 4, 2004, or at a subsequent time prior to her removal.
 {¶ 5} Appellant returned to work on Friday, November 5, 2004, working as a sergeant and performing her duties as normal. Appellant again returned to work on Monday, November 8, 2004, and performed duties consistent with her rank as a sergeant. Captain Holman agreed that appellant worked as a sergeant on November 4 and 8, 2004. Captain Holman did not reassign appellant or otherwise alter her duties prior to her removal.
 {¶ 6} Appellant attended the scheduled pre-disciplinary conference at 9:00 a.m. on November 8, 2004, at which time appellant believed that she retained the rank of sergeant. Prior to the pre-disciplinary conference, no one had told appellant that she was not a sergeant, and no one had changed her duties from those consistent with the rank of sergeant. At the SPBR hearing, appellant testified that she continued to work as a sergeant until she was removed on November 8, 2004.
 {¶ 7} Sheriff Nichols also testified at the SPBR hearing, for the limited purpose of exploring the jurisdictional issue. On the afternoon of Friday, November 5, 2004, *Page 4 
Sheriff Nichols learned that appellant had surrendered her sergeant's stripes the previous afternoon, but he did not talk to appellant about a resignation of her position prior to issuing the Order of Removal. At the pre-disciplinary conference, Sheriff Nichols referred to appellant as "Sergeant Gallagher." Sheriff Nichols acknowledged that he would not have addressed appellant as "Sergeant" if he believed she no longer maintained that rank, although he explained "[t]hat was probably an error on [his] part." (Tr. at 148.) Going into the pre-disciplinary conference, Sheriff Nichols intended to take or accept appellant's sergeant's stripes. Sheriff Nichols stated: "It was my intentions to take her stripes. That was the extent of what was going to happen. * * * What I'm saying is she had already resigned her position. I was ready to accept her stripes then and accept them right then." (Tr. at 153-154.) Sheriff Nichols did not intend to terminate appellant's employment. Thus, at the start of the pre-disciplinary conference, Sheriff Nichols was prepared to accept appellant's resignation as a sergeant and permit her to stay on as a deputy sheriff.
 {¶ 8} At the pre-disciplinary conference, appellant denied the allegations concerning her utterance of a racial slur. Sheriff Nichols viewed appellant's denial as an act of dishonesty, which "cannot be tolerated in a law enforcement agency." (Tr. at 153.) As a result, Captain Holman amended the Notice of Pre-Disciplinary Conference, adding "dishonesty" as an alleged disciplinary offense. Sheriff Nichols issued the Order of Removal because of appellant's purported dishonesty about the allegations leveled against her, stating: "If she had come in and told me the truth[,] we wouldn't be sitting here today." (Tr. at 155.) *Page 5 
 {¶ 9} The Order of Removal, signed and dated November 8, 2004, stated that appellant was removed from her position as "Sergeant, Ross County Jail." After signing the Order of Removal, Sheriff Nichols had the Order of Removal filed with the SPBR and the Ohio Department of Administrative Services ("ODAS"), actions that he admits he would not have taken if appellant had not been a sergeant, but had been a member of the collective bargaining unit. After the pre-disciplinary conference, Sheriff Nichols signed a letter addressed to appellant as "Sgt. Rose Gallagher," advising appellant that her employment had been terminated.
 {¶ 10} On September 29, 2005, the ALJ issued a report and recommendation, recommending that the SPBR dismiss appellant's appeal for lack of subject-matter jurisdiction. The ALJ concluded that, prior to her removal, "[a]ppellant effectively resigned from her position of Sergeant with the Ross County Sheriff's Office and, by doing so, simultaneously reverted to a position within the collective bargaining unit." Appellant filed objections to the ALJ's report and recommendation, but, on November 10, 2005, the SPBR issued an order, adopting the ALJ's recommendation and dismissing appellant's appeal for lack of subject-matter jurisdiction.
 {¶ 11} Appellant filed a timely appeal, pursuant to R.C. 119.12, to the Franklin County Court of Common Pleas, where she argued that the SPBR's order was contrary to law because the record lacked evidence that appellant demonstrated an intent to resign from her position as a sergeant and/or that Sheriff Nichols accepted a resignation from appellant. Appellant also argued that clear and convincing evidence was required to support a finding that she orally resigned from the rank of sergeant. On August 21, 2006, the trial court affirmed the SPBR's order. The trial court found that appellant's *Page 6 
actions, as established by the undisputed evidence, could be construed as a tender of resignation of her rank. After acknowledging the issue of whether the sheriff accepted her resignation to the extent required under Ohio law, the trial court stated that the record contained no evidence that appellant rescinded or withdrew her resignation prior to termination without further discussion of the acceptance issue. The trial court ultimately determined that the SPBR had a sufficient basis to find that appellant had resigned her position as a sergeant and reverted to a position within the bargaining unit. The trial court concluded that the SPBR's decision was supported by reliable, probative, and substantial evidence and was in accordance with law.
 {¶ 12} Appellant timely appealed to this court, where she raises a single assignment or error:
 THE LOWER COURT ERRED IN FINDING THAT THE ORDER OF THE STATE PERSONNEL BOARD OF REVIEW WAS SUPPORTED BY THE REQUISITE AMOUNT OF SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE.
Appellant states the issue presented as "whether a trial court abuses its discretion in deciding an administrative appeal when it applies the wrong standard of review." Although appellant's assignment of error does not contain an express reference to the place in the record where the alleged error occurred, as required by App.R. 16(A)(3), the legal issues raised in this appeal are clearly discernable from the record and arguments presented in the parties' briefs. Accordingly, we find that no material prejudice to appellee results from appellant's failure to conform to App.R. 16(A)(3). Therefore, we shall proceed to address the merits of this appeal. See In re Scheehle (1999), 134 Ohio App.3d 167,169. *Page 7 
 {¶ 13} In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. The Ohio Supreme Court has defined reliable, probative, and substantial evidence as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
(Footnotes omitted.) Our Place, Inc. v. Ohio Liquor Control Comm.
(1992), 63 Ohio St.3d. 570, 571.
 {¶ 14} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v. Veterinary Medical Bd.
(1981), 2 Ohio App.3d 204, 207, quoting Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 280. The trial court "must give due deference to the administrative resolution of evidentiary conflicts[,]" although, "the findings of the agency are by no means conclusive."Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111.
 {¶ 15} This court's standard of review is more limited than that of the court of common pleas. In reviewing the trial court's determination that the board's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the trial court abused its discretion. Lorain City Bd. of Edn.v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261. "`The term "abuse of *Page 8 
discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157. Absent an abuse of discretion, the appellate court may not substitute its judgment for that of the administrative agency or the court of common pleas.Provisions Plus Inc. v. Ohio Liquor Control Comm., Franklin App. No. 03AP-670, 2004-Ohio-592, at ¶ 8, citing Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619. However, on the question of whether the board's order was in accordance with the law, this court's review is plenary. Kistler v. Ohio Bur. of Workers' Comp., Franklin App. No. 04AP-1095, 2006-Ohio-3308, at ¶ 9.
 {¶ 16} Initially, appellant contends that the trial court applied an incorrect standard of review. The determination of whether an agency order is supported by reliable, probative, and substantial evidence is primarily a question of the absence or presence of the requisite quantum of evidence. Beeler v. Franklin Cty. Sheriff (1990), 67 Ohio App.3d 748,753, citing Andrews. This court has stated that a trial court's role in an administrative appeal "is to determine whether the agency's decision is supported by a preponderance of substantial, reliable, and probative evidence." Mathews v. Ohio State Liquor Control Comm., Franklin App. No. 04AP-46, 2004-Ohio-3726, at ¶ 11. In Collins v. Ohio State RacingComm., Franklin App. No. 03AP-587, 2003-Ohio-6444, at ¶ 23, we stated:
 * * * "The key term is `preponderance.' If a preponderance of reliable, probative and substantial evidence exists, the Court of Common Pleas must affirm the agency decision; if it does not exist, the court may reverse, vacate, modify or remand." Dudukovich v. Housing Auth. (1979), 58 Ohio St.2d 202, 207, 389 N.E.2d 1113. *Page 9 
Nevertheless, here, appellant argues that appellee was required to prove that appellant resigned her position as a sergeant, not by a preponderance, but by a clear and convincing quantum of reliable, probative, and substantial evidence. We disagree.
 {¶ 17} In support of her argument for a clear and convincing standard, appellant relies on two appeals from the Ohio Elections Commission, involving alleged election law violations resulting from the publication or distribution of allegedly false statements. See Serv. Emp. Internatl.Union Dist. 1199 v. Ohio Elections Comm., 158 Ohio App.3d 769,2004-Ohio-5662; Hummel v. Ohio Elections Comm. (1997),124 Ohio App.3d 434. In both cases, this court stated that a court of common pleas must affirm an administrative order in an R.C. 119.12 appeal if the order is supported by reliable, probative, and substantial evidence and is in accordance with law. However, both cases involved First Amendment concerns regarding political speech. After setting forth the R.C. 119.12
standard of review, we stated:
 * * * [I]n cases involving the First Amendment, "an appellate court has an obligation to `make an independent examination of the whole record' in order to make sure that `the judgment does not constitute a forbidden intrusion on the field of free expression.'" Bose Corp. v. Consumers Union of United States, Inc. (1984), 466 U.S. 485, 499, 104 S.Ct. 1949, 80 L.Ed.2d 502, quoting New York Times v. Sullivan (1964), 376 U.S. 254, 284-286, 84 S.Ct. 710, 11 L.Ed.2d 686; see, also, Flannery [v. Ohio Elections Comm.], 156 Ohio App.3d 134, 804 N.E.2d 1032, at ¶ 12; Team Working for You [v. Ohio Elections Comm. (2001), 142 Ohio App.3d 114].
 Serv. Emp. Interntl. Union Dist. 1199 at ¶ 15. A clear and convincing standard applied to the determination of the First Amendment issues because "[p]olitical speech * * * is subject to First Amendment protection unless clear and convincing evidence shows that the statements are false and were made with actual malice[.]" Id., at ¶ 16. Thus, in *Page 10 Hummel, we stated: "In a case such as this, with First Amendment implications, the complainant must show, by clear and convincing evidence, that the statement made is false and that the party made the false statement with `actual malice.'" Hummel at 437, citing New YorkTimes Co. v. Sullivan (1964), 376 U.S. 254, 280. The instant case presents no First Amendment implications, and, therefore, neither of the above-cited Ohio Elections Commission cases requires application of a clear and convincing standard here.
 {¶ 18} Appellant next cites this court's opinion in Crowley v. OhioRehab. Serv. Comm. (1998), 126 Ohio App.3d 783, in support of her argument that a clear and convincing standard applies to her appeal. As with the Ohio Elections Commission cases, appellant's reliance onCrowley is misplaced. Crowley involved an appeal from a Bureau of Vocational Rehabilitation ("BVR") decision regarding an award of vocational services to support the appellant's university tuition and room and board. BVR offered to pay the appellant's annual tuition costs at John Carroll University at the rate of tuition she would have incurred at the Ohio State University ("OSU"), the state-supported university closest to the appellant's residence, and denied the appellant's request for room and board. On appellant's appeal from the BVR's decision, a hearing officer concluded that OSU could not accommodate the appellant's disability and recommended that BVR provide the appellant with tuition and room and board assistance at a rate equal to the costs at Bowling Green State University. The Ohio Rehabilitation Services Commission ("ORSC") disapproved the hearing officer's report and recommendation and affirmed the BVR's decision. Pursuant to R.C.119.12, the *Page 11 
appellant appealed to the Franklin County Court of Common Pleas, which affirmed the ORSC's decision.
 {¶ 19} In Crowley, this court again set forth the applicable standard of review for R.C. 119.12 appeals, requiring the trial court to affirm if the administrative order is supported by reliable, probative, and substantial evidence and is in accordance with law. While we did state that clear and convincing evidence established that the hearing officer's recommendation was clearly erroneous, our statement was based on a federal statute applicable to ORSC's review of its hearing officer's recommendation. We quoted former Section 722(d)(3)(c)(i), Title 29, U.S. Code, as follows:
 "The Director may not overturn or modify a decision of an impartial hearing officer, or part of such a decision, that supports the position of the individual unless the Director concludes, based on clear and convincing evidence, that the decision of the independent hearing officer is clearly erroneous on the basis of being contrary to Federal or State law, including policy."
(Emphasis added.) Crowley at 789. Thus, the ORSC was permitted to reject the hearing officer's report and recommendation only upon finding, based on clear and convincing evidence, that the hearing officer's decision was clearly erroneous. Nowhere in Crowley did we suggest that an R.C. 119.12 appeal would otherwise be subject to a requirement of clear and convincing evidence. In fact, in conclusion, we returned to the well-established standard of review set forth above, finding that the trial court did not abuse its discretion in affirming the ORSC's order, which was supported by reliable, probative, and substantial evidence, and was in accordance with law. Crowley at 794.
 {¶ 20} Upon review, we find that none of the above-cited cases supports appellant's contention that more than a preponderance of reliable, probative, and *Page 12 
substantial evidence was required to support the ALJ's determination that appellant effectively resigned her position as a sergeant prior to her removal. Each of those cases involved clear statutory requirements or constitutional precedent requiring clear and convincing evidence for an underlying determination. In contrast, in an appeal to the SPBR from an R.C. 124.34 order, the appointing authority is required to prove the factual allegations in the order by a preponderance of the evidence. Ohio Adm. Code Section 124-3-06.
 {¶ 21} Lastly, appellant directs this court to the Ohio Supreme Court's opinion in Davis v. Marion Cty. Engineer (1991),60 Ohio St.3d 53, wherein the court considered "the question of whether, and under what circumstances, a public employee or officer may withdraw his or her prospective resignation before its effective date." Id. at 54. At the syllabus, the Supreme Court held:
 1. A public employee may rescind or withdraw a tender of resignation at any time prior to its effective date, so long as the public employer has not formally accepted such tender of resignation.
 2. Acceptance of a tender of resignation from public employment occurs where the public employer or its designated agent initiates some type of affirmative action, preferably in writing, that clearly indicates to the employee that the tender of resignation is accepted by the employer.
The Supreme Court stated that acceptance of a tender of resignation from public employment requires more than mere receipt of a letter of resignation and that such acceptance "should be in writing, and should encompass some type of affirmative act that clearly indicates that the tender of resignation is accepted by someone empowered by the public employer to do so." Id. at 55. *Page 13 
 {¶ 22} The court did not go so far as to foreclose the possibility of an oral tender of resignation, acceptance of resignation or withdrawal of resignation, but stated: "In cases or controversies involving an oral tender, acceptance or withdrawal of resignation, clear and convincing evidence must be proffered to support the validity of such actions if performed in such manner." Id. at 55. It is this statement fromDavis on which appellant relies. In Davis, however, the appellant tendered both his resignation and his withdrawal of resignation in writing. Thus, the effectiveness of an oral resignation or withdrawal of resignation was not before the court, and the Supreme Court's statement regarding the requirements for proving an oral resignation or withdrawal of resignation was mere dicta. Ultimately, the Supreme Court found that the underlying finding by the administrative agency "was, pursuant to R.C. 119.12, supported by reliable, probative and substantial evidence and was in accordance with law." Id. at 56. Accordingly, Davis does not persuade us that clear and convincing evidence was required to support the ALJ's finding that appellant tendered her resignation as a sergeant before she was removed. We accordingly conclude that the trial court applied the appropriate standard in its review of the SPBR's decision.
 {¶ 23} Turning now to the question of whether the trial court abused its discretion in affirming the SPBR's decision, we first conclude that the trial court did not abuse its discretion in finding that the undisputed evidence could be construed to find that appellant tendered her resignation of rank on November 4, 2004. A resignation is "a `[f]ormal renouncement or relinquishment' of office made with the intention of relinquishing the office and accompanied by `an act of relinquishment.'" State ex rel. Dwyer v. Middletown (1988),52 Ohio App.3d 87, 92, quoting Black's Law Dictionary (5th *Page 14 
Ed. 1979) 1177. Thus, a resignation requires both an intent to resign and an affirmative act of relinquishment. Id. Absent a statutory requirement, no particular form of resignation is necessary; "`[i]t is only necessary that the incumbent evince a purpose to relinquish the office; that this purpose be communicated to the proper authority, and that this resignation be accepted, either in terms, or something tantamount thereto, such as appointing a successor[.]'" State ex rel.Orr v. Cleveland School Dist. (1912), 34 Ohio C.D. 140, quotingState ex rel. Kirtley v. Augustine (1892), 113 Mo. 21, 25, 20 S.W. 651. Given the evidence regarding appellant's statements to Captain Holman, coupled with appellant's actions in removing her sergeant's stripes from her uniform and handing them to Captain Holman, the conclusion that appellant tendered her resignation from her rank as a sergeant, is not unreasonable, arbitrary or unconscionable. From such evidence, it could reasonably be determined that appellant intended to resign her rank as sergeant and, by turning her sergeant's stripes over to Captain Holman, made an affirmative act relinquishing her rank.
 {¶ 24} Although the record contains sufficient reliable, probative, and substantial evidence to support a finding that appellant tendered her resignation of rank, the record is devoid of evidence that Sheriff Nichols accepted appellant's purported tender of resignation prior to her removal. The trial court recognized that "[t]he issue as raised in argument is whether [appellant's] resignation was accepted to the extent necessary under Ohio law[,]" but it made no factual determination as to whether Sheriff Nichols accepted appellant's resignation before her removal.
 {¶ 25} Davis is instructive with respect to the necessity for acceptance of a resignation from public employment. After reviewing Ohio case law predating the *Page 15 
creation of the civil service in the state of Ohio and cases from other jurisdictions, the Supreme Court stated that, "in the absence of a constitutional or statutory provision to the contrary, `* * * the greater weight of authority holds that the resignation of a public office cannot take effect until it is accepted[.]'" Davis at 55, quoting Annotation (1962), 82 A.L.R.2d 750, 751. The court stated, "[a]cceptance of a resignation should be in writing, and should encompass some type of affirmative act that clearly indicates that the tender of resignation is accepted by someone empowered by the public employer to do so." Id. InDavis, upon being advised of the appellant's tendered resignation, the Marion County Engineer urged the appellant to carefully consider his decision, requested the appellant's recommendations for his replacement, and interviewed nine people to fill the vacancy created by the appellant's resignation. Despite such affirmative actions by the employer, the majority concluded that the Marion County Engineer had not effectively accepted the appellant's resignation. As the Eighth District Court of Appeals has recognized, "[t]he Davis Court set a very high standard for the establishment of formal acceptance[.]" Gusman v.Strongsville Bd. of Edn., Cuyahoga App. No. 83042, 2003-Ohio-7077, at ¶ 24.
 {¶ 26} Under Davis, appellant would have been free to withdraw her tender of resignation at any time prior to Sheriff Nichols' affirmative acceptance of her resignation because the "`resignation of a public office cannot take effect until it is accepted[.]'" Davis at 55, quoting Annotation (1962), 82 A.L.R.2d 750, 751. Although Davis dealt specifically with the issue of acceptance in the scenario of an attempted withdrawal of resignation, a conclusion by this court that appellant's purported resignation was immediately effective, absent acceptance by the appointing authority, would conflict with the *Page 16 
Supreme Court's sound analysis in Davis. Accordingly, the fact that appellant did not withdraw her tender of resignation before her removal does not negate the requirement of acceptance before her tender of resignation became effective.
 {¶ 27} This court considered whether conduct by a public employer constituted an acceptance of a public employee's resignation inTriplett v. Ohio Dept. of Rehab. Corr. (Nov. 23, 1999), Franklin App. No. 99AP-16. There, the appellant submitted a written letter of resignation from his employment as a captain at the Allen Correctional Institution, to be effective ten days later. Before the effective date of his resignation, the appellant requested to revoke his resignation, but the warden denied his request. The same day that the appellant attempted to revoke his resignation, the warden had dictated and signed a letter accepting the appellant's resignation, attempted to deliver the acceptance letter to the appellant, and, in fact, provided the appellant with a copy of the acceptance letter just prior to the appellant asking to revoke his resignation. This court stated: "While merely the drafting of the letter alone may not constitute an acceptance underDavis, there was reliable, probative, and substantial evidence adduced at the hearing to support the ALJ's findings that [the warden] initiated some type of affirmative action indicating to appellant that his resignation had been accepted." Thus, we emphasized the need for an affirmative act by the employer that indicates that the employer accepted the resignation.
 {¶ 28} Here, the record contains no evidence of an affirmative act that clearly indicating that the tender of resignation was accepted by someone empowered by the sheriff to do so. Rather, Sheriff Nichols' own testimony, coupled with the plain language of the Order of Removal, contradicts any inference that Sheriff Nichols, the appointing *Page 17 
authority, accepted appellant's resignation from the rank of sergeant prior to issuing the Order of Removal. Sheriff Nichols did not talk to appellant about her alleged resignation before issuing the Order of Removal and did not issue a written acceptance of appellant's resignation. Sheriff Nichols also testified that he was prepared, at the beginning of the pre-disciplinary conference, to "take [appellant's] stripes[,]" thus suggesting that he had not yet accepted her purported resignation. (Tr. at 153.) Sheriff Nichols continued to address appellant as "Sergeant" at the pre-disciplinary conference, in the Order or Removal, and in subsequent correspondence. Moreover, Sheriff Nichols' filing of the Order of Removal with the SPBR and ODAS — actions he admitted he would not have taken had appellant been a member of the bargaining unit — demonstrates that Sheriff Nichols had not accepted appellant's resignation from her position as a sergeant prior to issuing the Order of Removal. Finally, it is undisputed that none of appellant's superiors reassigned her or altered her duties between the time of her purported tender of resignation and the issuance of the Order of Removal. In fact, Captain Holman testified that appellant worked as a sergeant each of the days she reported to work, as scheduled, between the time of her alleged tender of resignation and the issuance of the Order of Removal. Because the record contains no evidence that Sheriff Nichols, or anyone empowered by Sheriff Nichols, accepted appellant's alleged tender of resignation of her rank prior to issuing the Order of Removal, the trial court abused its discretion in concluding that the SPBR's order dismissing appellant's appeal for lack of subject-matter jurisdiction was supported by reliable, probative, and substantial evidence and was in accordance with law. *Page 18 
 {¶ 29} For the forgoing reasons, we sustain appellant's assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter to the trial court with instructions to remand this matter to the SPBR for a determination on the merits.
Judgment reversed and cause remanded with instructions.
 SADLER, P.J., and BROWN, J., concur.
[1] Captain Holman testified that appellant handed him her "shoulder boards and * * * collar brass[.]" (Tr. at 103.) *Page 1