[Cite as *Dept. of Youth Servs. v. Grimsley*, 2018-Ohio-1530.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Department of Youth Services, | : | |
| Appellant-Appellant, | : | |
| | : | No. 16AP-682 |
| v. | : | (C.P.C. No. 16CV-4441) |
| Dan Grimsley, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

---

### D E C I S I O N

### Rendered on April 19, 2018

---

**On brief:** *Michael DeWine*, Attorney General, *Erin E. Butcher* and *E. Joseph D'Andrea*, for appellant. **Argued:** *Erin E. Butcher.*

**On brief:** *B. Zimmerman Law* and *Brian L. Zimmerman*, for appellee. **Argued:** *Brian L. Zimmerman.*

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1}   Appellant-appellant, Department of Youth Services ("DYS"), appeals from a judgment of the Franklin County Court of Common Pleas which purports to affirm an order of the State Personnel Board of Review ("SPBR") disaffirming an order of DYS that removed appellee-appellee, Dan Grimsley, from his employment with DYS. Because the common pleas court's decision misstates the SPBR order it purports to affirm, we reverse and remand this matter for action consistent with this decision.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2}   Grimsley was acting in his capacity as an operations manager at DYS's Indian River Juvenile Correction Facility when he was involved in a physical confrontation with a youth incarcerated at the facility. The incident was recorded on video. As a result of an administrative investigation of the incident, DYS issued an order on January 22, 2014

removing Grimsley from his employment based on R.C. 124.34 disciplinary offenses. DYS stated in its removal order that Grimsley's actions violated DYS Policy 103.17, which included these rule violations: (1) use of excessive force – without injury, in violation of Rule 4.09P, (2) failure to follow policies and procedures regarding managing youth resistance and use of force, in violation of Rule 5.01P, and (3) use of prohibited physical response, in violation of Rule 6.05P. (June 6, 2016 Record of Proceedings at E2550-H59.)

{¶ 3} Grimsley timely appealed DYS's removal order to the SPRB, arguing that his conduct was not excessive under the circumstances. Grimsley, in addition, claimed that the unit manager on duty at the time of the incident was negligent and this had put him in the position of having to confront the youth, but the manager had not been disciplined. Grimsley requested that his 20-year work history as a DYS employee at the Indian River facility be taken into consideration.

{¶ 4} A full evidentiary hearing was held before an administrative law judge ("ALJ") on October 20, 2014 and February 9, 2015. Evidence admitted at the hearing included testimony from several persons, including Grimsley and DYS personnel, along with documentary evidence, including a video of the incident.

{¶ 5} On December 2, 2015, the ALJ issued a six-page report and recommendation detailing her findings of fact and conclusions of law, along with two alternative recommendations. The ALJ noted that it was DYS's burden to establish certain facts by a preponderance of the evidence, including the fact Grimsley had committed one of the enumerated infractions listed in R.C. 124.34 and as set forth in the order of removal. The ALJ found there was no dispute Grimsley had struck a youth with a closed fist during the incident that led to Grimsley's removal and that striking a youth is a prohibited use of physical response. The ALJ did note, however, that the parties agreed "that use of prohibited forms of physical response are permissible in an emergency defense situation." (Record of Proceedings at E2550-F96.) The ALJ also stated:

> [DYS's] policies do not explicitly require individuals to wait until an assailant has gained a physical advantage over them or until they have actually suffered an injury to defend themselves, either in an emergency situation or otherwise. [DYS's] policies do not cite the use of alternative response techniques as a prerequisite to an emergency defense. Policy 301.05, SOP 301-05-01, and Rule 6.05P all require a subjective determination by the individual involved in the situation as to

whether or not a risk of severe bodily injury or death exists. "Severe bodily injury" is not defined by [DYS's] policies.

*Id.* at E2550-F97. Based on the evidence offered and admitted at the hearings, the ALJ found reasonable and justifiable Grimsley's determination that an emergency defense was warranted and that Grimsley's limited use of force was not excessive. The ALJ therefore concluded that Grimsley's conduct did not violate DYS's policies and recommended that SPRB disallow his removal by DYS.

{¶ 6} However, the ALJ also presented SPBR with an alternative to her recommendation of disaffirmance of the agency's order. The ALJ recommended in the alternative that the removal be modified to a 30-day suspension. She stated:

> In the event, however, that this Board should determine that [Grimsley's] use of a prohibited physical response was unjustified, and that his conduct violated [DYS's] policies, several mitigating factors should be considered in determining whether or not the discipline imposed by [DYS] was appropriate. The parties agreed that [Grimsley's] actions did not result in any injury to the youth. The parties also agreed that [Grimsley] had no history of prior discipline during his 20 years of employment with [DYS]. Given the lack of definition provided in [DYS's] policies and the circumstances of the incident described, I find that the discipline imposed by [DYS] was too harsh and would alternatively RECOMMEND that [Grimsley's] removal be MODIFIED to a 30-day suspension.

*Id.* at E2550-F98.

{¶ 7} DYS filed objections to the ALJ's report and recommendation. Grimsley timely filed his response in opposition to DYS's objections.

{¶ 8} In a unanimous decision issued April 22, 2016, SPBR adopted the ALJ's report and her recommendation to disaffirm Grimsley's removal:

> After a thorough examination of the entirety of the record, including a review of the Report and Recommendation of the Administrative Law Judge, along with any objections to that report which have been timely and properly filed, the Board hereby adopts the Recommendation of the Administrative Law Judge.
>
> Wherefore, it is hereby ORDERED that [Grimsley's] removal is DISAFFIRMED.

*Id.* at E2550-F99.

{¶ 9}    DYS appealed SPBR's order to the Franklin County Court of Common Pleas, on the grounds that the order was not supported by reliable, probative, and substantial evidence and was not in accordance with law.

{¶ 10}    On August 30, 2016, the common pleas court issued a decision that purported to affirm SPBR's order.  Although the common pleas court's decision correctly stated that SPBR had disaffirmed Grimsley's removal, it erroneously stated that SPBR also had imposed discipline on Grimsley consistent with the ALJ's alternative recommendation to modify Grimsley's removal to a 30-day suspension.

{¶ 11}    The record indicates the common pleas court reviewed the underlying facts contained in the ALJ's report and recommendation, the relevant DYS policies and procedures, and the applicable law.  The common pleas court's decision recited passages from the testimony heard at the administrative hearings before the ALJ.  The common pleas court stated in its decision:

> Based on these eyewitness accounts, and all other evidence in the record, this Court concludes as a matter of law that there is reliable, probative and substantial evidence to support SPBR's April 22, 2016 Order. Once the reviewing court finds that there was reliable, probative and substantial evidence to support an agency order, it may not modify a sanction authorized by statute. See *Henry's Café, Inc., v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959).
>
> In considering the appropriateness of a sanction or penalty, the trial court is limited to determining whether the sanction or penalty is within the range of acceptable choices. Even if this Court were inclined to be more lenient or more stringent in imposing a sanction or penalty, it could not modify a penalty imposed by [SPBR] in this case as long as the penalty or sanction is statutorily permitted. R.C. 119.09. As a matter of law, this Court concludes that the April 22, 2016 SPBR Order is in accordance with the law, and the discipline imposed by [SPBR] is within the acceptable choices permitted by law. R.C. 119.09. This Court declines to substitute its judgment for that of SPBR.
>
> In regard to [DYS's] asserted legal error that "OM Grimsley's Use of Force was Improper," the record is clear that the [SPBR's] April 22, 2016 SPBR's Order made that conclusion of law when it adopted the ALJ's Report and Recommendation, *and modified the discipline imposed from a removal to a 30 day suspension.*

... In the event, however, that this [SPBR] should determine that [Grimsley's] use of prohibited physical response was unjustified, and that his conduct violated [DYS's] policies ...

December 2, 2015 Report and Recommendation

Consequently, this assertion of legal error is perplexing because the SPBR did find that [Grimsley's] use of force was improper when it imposed discipline. Moreover, [DYS] is requesting that this Court affirm the SPBR Order that imposes discipline against him. [DYS's] remaining legal errors, in essence, are challenging the level of discipline imposed by SPBR against [Grimsley]. Thus, the legal errors asserted by [DYS] are hereby **OVERRULED**.

Accordingly, this Court concludes that there is reliable, probative and substantial evidence supporting SPBR's April 22, 2016 Order. Furthermore, the [SPBR's] April 22, 2016 Order is in accordance with law and the sanction, which is less severe than the one imposed by DYS, is authorized by law and is within the range of acceptable choices. R.C. 119.09. Accordingly, this Court hereby **AFFIRMS** the [SPBR's] April 22, 2016 Order and concludes that it is in accordance with law.

(Emphasis sic and added.) (Aug. 30, 2016 Decision & Entry at 9-10.)

{¶ 12} DYS timely appealed the common pleas court's decision.

## II. ASSIGNMENT OF ERROR

{¶ 13} DYS presents a sole assignment of error for our review:

The Common Pleas Court abused its discretion when it misread and misapplied the Board's order and failed to find that the Board's order was unsupported by reliable, probative or substantial evidence because Appellee-Appellee Grimsley's use of force was excessive and retaliatory.

## III.  LAW AND DISCUSSION

{¶ 14} The common pleas court's "review of the administrative record is neither a trial *de novo* nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' "  (Emphasis sic.) *Lies v. Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1980), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955); *Ohio State Univ. v. Kyle*, 10th Dist. No. 06AP-168, 2006-Ohio-5517, ¶ 27.  The findings of the administrative agency are not conclusive, but the trial court must

give due deference to the agency's resolution of evidentiary conflicts. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980); *Gallagher v. Ross Cty. Sheriff*, 10th Dist. No. 06AP-942, 2007-Ohio-847, ¶ 14; *Kyle* at ¶ 27.

{¶ 15} Where the evidence support's SPBR's decision, the common pleas court must affirm SPBR's decision and has no authority to modify the penalty. *State ex rel. Ogan v. Teater*, 54 Ohio St.2d 235 (1978); *Henry's Case, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959); *Kyle* at ¶ 27. Under such circumstances, the common pleas court may not substitute its judgment for that of SPBR. *Id.*, citing *Steinbacher v. Louis*, 36 Ohio App.3d 68 (8th Dist.1987), citing *Ogan*; *Traub v. Warren Cty. Bd. of Commrs.*, 114 Ohio App.3d 486, 491 (10th Dist.1996).

{¶ 16} An appellate court's review is more limited than that of the common pleas court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). In reviewing whether the common pleas court's determination concerning reliable, probative, and substantial evidence does or does not support SPBR's order, the appellate court's role is limited to determining whether the common pleas court abused its discretion. *Id.*; *Gallagher* at ¶ 15, citing *Lorain City Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988). On the question of whether SPBR's order is in accordance with the law, the appellate court's review is plenary. *Gallagher* at ¶ 15. If the common pleas court abused its discretion or committed legal error, the appellate court may reverse, vacate, or modify the judgment of the common pleas court. R.C. 119.12. *Franklin Cty. Sheriff v. Frazier*, 174 Ohio App.3d 202, 2007-Ohio-7001, ¶ 17 (10th Dist.).

{¶ 17} The issue on appeal is whether the common pleas court abused its discretion or committed legal error when it found that there is reliable, probative, and substantial evidence supporting SPBR's April 22, 2016 order. *Pons; Lorain City Bd. of Edn.* at 261. Abuse of discretion is more than an error of law; it implies that a court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 18} We find that the common pleas court committed legal error in misstating and thereby misapplying a result not reached by SPBR's April 22, 2016 order. SPBR in its order states that SPBR had adopted the ALJ's recommendation to disaffirm Grimsley's removal, remaining silent about the ALJ's alternative recommendation (to disaffirm and modify the

removal to a suspension).  In not adopting the alternative recommendation of modification as set forth by the ALJ, we interpret as a matter of law that SPBR adopted only the first of two alternative recommendations of the ALJ, reached by agreeing with the ALJ that Grimsley's use of force was justified and as a result did not violate DYS policies.

{¶ 19} The common pleas court clearly declined to substitute its judgment for SPBR's, finding that SPBR's order "is in accordance with the law, and the discipline imposed by [SPBR] is within the acceptable choices permitted by law."  (Decision & Entry at 9.)  However, the common pleas court reached its conclusion based on the erroneous supposition that SPBR had found that Grimsley's use of force to be improper because it had imposed discipline on him in the form of a 30-day suspension.  SPBR's order did not impose any discipline on Grimsley, but rather, ordered that the DYS order removing him be disaffirmed.  The common pleas court's misinterpretation of SPBR's order is an error as a matter of law.

{¶ 20} The common pleas court apparently perceived DYS's appeal seeking discipline against Grimsley to be a challenge of some level of discipline imposed by SPBR.  But SBPR imposed no discipline, since it found that Grimsley's use of force was justified and did not violate DYS policy.  While the common pleas court correctly overruled the legal errors asserted by DYS, it committed legal error in misapplying SPBR's order, leaving us with no recourse but to reverse and remand for correction of this error.

## IV.  CONCLUSION

{¶ 21} Accordingly, we sustain that portion of DYS's assignment of error challenging the common pleas court's reading and application of the SPBR order.  We remand this matter to the Franklin County Court of Common Pleas to determine as a matter of law whether there is reliable, probative, and substantial evidence to support SPBR's April 22, 2016 order disaffirming Grimsley's removal.

{¶ 22} Because we remand this matter for further consideration, we deny as moot the remainder of DYS's assignment of error.

*Judgment reversed;*
*cause remanded.*

BROWN, P.J., and KLATT, J., concur.

———————————